IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| ASTRO COMPANIES, LLC. | ) |
| | ) |
|          Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) Case No. 1:23-cv-02328 |
| WESTFAX, INC, DUCK DIVE COMMUNICATIONS LLC d/b/a JBlast, BARRY CLARK, CHAD MATHESON, and JOHN DOES 1-10 | ) ) ) ) |
| | ) |
|          Defendants. | ) |

**PROPOSED SCHEDULING ORDER**

**1.  DATE OF CONFERENCE
AND APPEARANCES OF COUNSEL**

On January 2, 2024 a conference was held between Ross Good (counsel for Plaintiff ASTRO COMPANIES, LLC) and William B. Hayes (counsel for Defendant WESTFAX, INC.).

On March 5, 2024, a conference was held between Ross Good (counsel for Plaintiff ASTRO COMPANIES, LLC) and James Taravella and Alyson Evett (counsel for Defendants WESTFAX, INC., DUCK DIVE COMMUNICATIONS LLC d/b/a JBlast, and BARRY CLARK).

**2.  STATEMENT OF JURISDICTION**

The Parties agree this Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332 and 47 U.S.C § 227

**3.  STATEMENT OF CLAIMS AND DEFENSES**

    a. *Plaintiff(s)*: Violations of the Telephone Consumer Protection Act (47 U.S.C § 227)

    b. *Defendant(s)*:
- WestFax, Inc. ("WestFax") is a Colorado corporation and is primarily in the business of providing cloud based services for medical records. It was previously primarily a fax broadcaster, but is no longer marketing for that business. A fax broadcaster provides infrastructure for faxes to be sent, but is not the actual sender of a fax. WestFax is not the sender of the subject faxes. As of the date of this proposed scheduling order, WestFax does not currently know

1

  whether its services as a fax broadcaster were used to send the subject faxes. WestFax's answer or responsive pleading is due on March 12, 2024. As WestFax's investigation continues, it is considering a motion to dismiss for failure to join an indispensable party (the sender), and a motion to dismiss for failure to state a claim upon which relief can be granted under the Telephone Consumer Protection Act (47 U.S.C. § 227) ("TCPA").

- Duck Dive Communications, LLC d/b/a JBlast ("Duck Dive") is Delaware limited liability company owned by WestFax and is a fax broadcaster. Duck Dive is not the sender of the subject faxes. As of the date of this proposed scheduling order, Duck Dive does not currently know whether its services as a fax broadcaster were used to send the subject faxes. Duck Dive's response or answer to the Amended Complaint is due March 12, 2024. As Duck Dive's investigation continues, it is considering a motion to dismiss for failure to join an indispensable party (the sender), and a motion to dismiss for failure to state claim upon which relief can be granted under the TCPA.

- Barry Clark ("Mr. Clark") is an individual who resides in California. Mr. Clark is the sole shareholder of WestFax. Mr. Clark is not the send of the faxes, nor is he a fax broadcaster. Mr. Clark has no connections to Colorado other than his ownership over WestFax. Mr. Clark maintains that he is not personally liable under the TCPA. Mr. Clark's response or answer to the Amended Complaint is due March 12, 2024. As Mr. Clark's investigation continues, he is considering a motion to dismiss for lack of personal jurisdiction, a motion to dismiss for failure to join an indispensable party (the sender), and failure to state a claim upon which relief can be granted under the TCPA.

c. *Other Parties*:
- Chad Matheson has not been served yet. Plaintiff is seeking to properly serve him and identify counsel he may have already retained.

***[Provide concise statements of all claims or defenses. Each party should, in light of formal or informal discovery undertaken thus far, take special care to eliminate frivolous claims or defenses. Fed. R. Civ. P. 16(c)(1), 11. Do not summarize the pleadings. Statements such as " defendant denies the material allegations of the complaint," are not acceptable.]***

### 4.  UNDISPUTED FACTS

The following facts are undisputed:
1. Barry Clark is the owner of WestFax.
2. WestFax is the owner of Duck Dive.
3. Barry Clark is a resident of California.
4. Barry Clark is the principal for WestFax and Duck Dive.
5. The Telephone Consumer Protection Act may govern the faxes at issue in the case.

*[When counsel have their rule 26(f) meeting, they should make a good faith attempt to determine which facts are not in dispute.]*

### 5. COMPUTATION OF DAMAGES

*Plaintiff's Statement:*
The Telephone Consumer Protection Act specifies that:

> **(A)** an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> **(B)** an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>
> **(C)** both such actions.
>
> If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C § 227(b)(3). Plaintiff seeks recovery of $1,500 (three times the amount available pursuant to 47 U.S.C § 227(b)(3)(b)) for each of the 8,579 faxes attached to Plaintiff's Amended Complaint (Doc. 10). The total amount of damages sought by Plaintiff is $12,868,500.

*Defendants WestFax's, Duck Dive's, and Barry Clark's Statement*:
At the time of the submission of this Scheduling Order, which is ahead of the time a responsive pleadings and/or answer is due, each of the Defendants WestFax, Duck Dive, and Barry Clark have no affirmative claims against Plaintiff or any-third party. Thus, Defendants WestFax, Duck Dive, and Barry Clark do not affirmatively seek damages through this process, at this time. Defendants WestFax, Duck Dive, and Barry Clark each reserve the right to raise an affirmative claim in their answer when the answer is due.

However, each of Defendants WestFax, Duck Dive, and Barry Clark reserve the right to seek all attorneys' fees, costs, and interest available to them under contract, statute, or law should they prevail at trial or on any motions to dismiss or strike.

*[Include a computation of all categories of damages sought and the basis and theory for calculating damages. See Fed. R. Civ. P. 26(a)(1)(C). This should include the claims of all parties. It should also include a description of the economic damages, non-economic damages, and physical impairment claimed, if any.]*

## 6. REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER Fed R. Civ. P. 26(f)

a. Date of Rule 26(f) meeting: **January 2, 2024; Held Again on March 5, 2024**

b. Names of each participant and party he/she represented.

- **Counsel for Plaintiff Astro Companies, LLC**
  Loftus & Eisenberg, Ltd.
  161 North Clark
  Suite 16—
  Chicago, IL 60601
  786-539-3952

- **Counsel for WestFax**
  William B. Hayes, Attorney at law
  842 Hideaway Circle East
  Suite 341
  Marco Island, FL 34145
  303-514-0658

- **Counsel for WestFax, Duck Dive, and Barry** Clark:
  Mongtomery Little & Soran, PC
  5445 DTC Parkway
  Suite 800
  Greenwood Village, Colorado 80111
  303-773-8100

c. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).
  - **None**

d. Statement as to when Rule 26(a)(1) disclosures were made or will be made.
  - **Rule Rule 26(a)(1) disclosures will be made no later than March 13, 2024.**

*[If a party's disclosures were not made within the time provided in Fed. R. Civ. P. 26(a)(1), the party must here provide an explanation showing good cause for the omission.]*

e. Statement concerning any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement. If there is agreement to conduct joint interviews with potential witnesses, list the names of such witnesses and a date and time for the interview which have been agreed to by the witness, all counsel, and all *pro se* parties.
  - **None**

4

    f.    Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. In those cases, the parties must indicate what steps they have taken or will take to (i) preserve electronically stored information; (ii) facilitate discovery or electronically stored information; (iii) limit associated discovery costs and delay; and (iv) avoid discovery disputes relating to electronic discovery.

        (i)    preserve electronically stored information: Plaintiff has demanded Defendants preserve all electronically stored information.

        (ii)    facilitate discovery or electronically stored information: Parties agree to work together to facilitate transmission of electronically stored information in the least burdensome manner.

        (iii)    limit associated discovery costs and delay: Parties agree to limit costs associated with obtaining and producing electronically stored information.

        (iv)    avoid discovery disputes relating to electronic discovery: Parties agree to meet and confer in the hopes of avoiding disputes regarding electronic discovery.

The Parties agree to timely produce a privilege log regarding any alleged privileged documents or communications.

*[When the parties have their Rule 26(f) meeting, they must discuss any issues relating to the disclosure and discovery of electronically stored information, including the form of production, and also discuss issues relating to the preservation of electronically stored information, communications, and other data. At the Rule 26(f) conference, the parties should make a good faith effort to agree on a mutually acceptable format for production of electronic or computer-based information. In advance of the Rule 26(f) meeting, counsel should carefully investigate their client's information management system so that they are knowledgeable as to its operation, including how information is stored and how it can be retrieved.]*

## 7. CASE PLAN AND SCHEDULE

    a.    **The filing of amended and supplemental pleadings will be made pursuant to Fed.R.Civ.P. 15.** Defendants WestFax, Duck Dive, and Barry Clark are required to file an answer or other responsive pleading to Plaintiff's Amended Complaint (Doc. 10) no later than March 12, 2024. (Doc. 32).

    b.    **Discovery Deadlines:** December 31, 2024

    c.    **Dispositive Motion Deadline:** January 15, 2025

*[Set time periods in which discovery is to be completed and dispositive motions filed.]*

d. **Expert witness Disclosures:**

   (1). State anticipated fields of expert testimony, if any.
   - **Plaintiff**:
     - Telephonic communications and computer forensics expert may be retained in this matter.
   - **Defendant**:
     - Telephonic communications expert
     - Computer forensics expert
     - Expert in TCPA regulations
     - Economist, Accountant, or other Damages Expert

   (2). State any limitations proposed on the use or number of expert witnesses.
   - **None**

   (3). The party bearing the burden of persuasion on the issues for which expert opinion is to be offered shall designate the expert and provide opposing counsel with all information specified in Fed.R.Civ.P. 26(a)(2) on or before:"
   - **Disclosure deadline September 9, 2024.**

   (4). The parties shall designate all contradicting experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:
   - **Disclosure deadline October 31, 2024.**

   (5). Any rebuttal opinions will be exchanged on or before:
   - **November 29, 2024.**

   (6). Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e. **Deposition Schedule:**

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| *Plaintiff's Proposed List of Deponents* | | | |
| Defendant Barry Clark | | | 5 hours |
| Defendant Chad Matheson | | | 5 hours |
| Corporate Representative of Defendant WESTFAX, INC | | | 5 hours |

6

| | | | |
|---|---|---|---|
| Corporate Representative of DUCK DIVE COMMUNICATIONS LLC d/b/a JBlast | | | 5 hours |
| Charlotte McCrary (WESTFAX, INC employee) | | | 3 hours |
| Deanna Gasseling (WESTFAX, INC employee) | | | 3 hours |
| Bill Olson (DUCK DIVE COMMUNICATIONS LLC d/b/a JBlast employee) | | | 3 hours |
| 1 Deposition each of any designated expert by any Defendant | | | 7 hours |
| **Defendants WestFax's, Duck Dive's, and Barry Clark's Proposed List of Deponents** | | | |
| Corporate Representative of Astro Companies, LLC. | | | 7 hours |
| 1 Deposition each of any designated expert by Plaintiff | | | 7 hours |

*[List the names of persons to be deposed and a schedule of any depositions to be taken, including (i) a good faith estimate of the time needed for the deposition and (ii) time(s) and date(s) for the deposition which have been agreed to by the deponent and persons signing the Scheduling Order.]*

    f.    **Interrogatory Schedule:**

*[Set a schedule for the submission of and response to written interrogatories, if any are desired.]*

The Parties anticipate serving Interrogatories on or about April 30, 2024 and responding to Interrogatories within 30 days.

    g.    **Schedule for Request for Production of Documents:**

*[Set a schedule for the submission of and response to requests for documents, if any are desired.]*

The Parties anticipate serving Requests for Production on or about May 30, 2024 and responding to Interrogatories within 30 days.

    h.    **Discovery Limitations:**

        (1).  Any limits which any party wishes to propose on the number of depositions.
- **10 Depositions for each side**

  (2). Any limits which any party wishes to propose on the length of depositions.
- **7 hours**

  (3). Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules.
- **None**

  (4). Limitations which any party proposes on number of requests for production of documents and/or requests for admissions.
- **None**

*[At the rule 26(f) meeting, the parties should make a good faith attempt to agree to limit the number of depositions, interrogatories, requests for admissions, and requests for production. In the majority of cases, the parties should anticipate that discovery will be limited as specified in Fed. R. Civ. P. 30(a)(2)(A), 33.]*

  i. **Other Planning or Discovery Orders:**

None at this time.

### 8.  OTHER SCHEDULING ISSUES

  a. A statement of those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement: None.

  b. Anticipated length of trial and whether trial is to the court or jury. No jury has been demanded; the Parties anticipate 5 days for the Trial or less.

### 9.  AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of **_good cause_**.

*****

DATED this _____ day of _____ , 2024 .

                BY THE COURT:

                _____
                Magistrate Judge S. Kato Crews

SCHEDULING ORDER REVIEWED:

| | |
|---|---|
| /s/ Ross M. Good | /s/ James C. Taravella |
| Ross M. Good, Esq. | Montgomery Little & Soran, PC |
| Loftus & Eisenberg, Ltd. | James C. Taravella, #55179 |
| 161 N. Clark, Suite 1600 | Alyson Evett, #5400 |
| Chicago, IL 60601 | Nathan G. Osborn #38951 |
| direct: (786) 539-3952 | 5445 DTC Parkway, Suite 800 |
| ross@loftusandeisenberg.com | Greenwood Village, Colorado 80111 |
| Attorney for Plaintiff | Phone: 303-773-8100 |
| | Email: jtaravella@montgomerylittle.com |
| | aevett@montgomerylittle.com |
| | nosborn@montgomerylittle.com |

***Attorneys for Defendants WESTFAX, INC, DUCK DIVE COMMUNICATIONS LLC d/b/a JBlast, and BARRY CLARK***

/s/ William B. Hayes
William B. Hayes, Attorney at law
842 Hideaway Circle East
Suite 341
Marco Island, FL 34145
303-514-0658
***Attorney for Defendant WestFax, Inc.***