IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 23-cv-02328-SKC-MEH

ASTRO COMPANIES, LLC,

    Plaintiff,

v.

WESTFAX INC,
DUCK DIVE COMMUNICATIONS LLC, d/b/a JBlast,
BARRY CLARK,
CHAD MATHESON, and
JOHN DOES 1-10,

    Defendants.

---

**DEFENDANT BARRY CLARK'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)**

---

COMES NOW, Defendant Barry Clark, an individual ("Mr. Clark"), by and through his counsel Montgomery Little & Soran, PC, and hereby respectfully moves this Court to dismiss the claims brought against Mr. Clark in Plaintiff Astro Companies, LLC's ("Plaintiff") December 21, 2023 First Amended Complaint (Dkt. No. 10, "Amended Complaint"), pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). In support thereof, Mr. Clark states as follows (this "Motion"):

    **I.**    **FACTUAL SUMARY OF DISPUTE**

Mr. Clark is an individual who resides in Orange County, California. Declaration of Barry Clark, ¶¶ 5-7, attached as **Exhibit A**; Am. Compl. ¶8. Mr. Clark is the owner and principal of WestFax, and the principal of Duck Dive Communications, LLC d/b/a JBlast ("Duck Dive") each of which is a fax broadcaster. Ex. A, ¶¶1-3. The Telephone Consumer Protection Act, 47 U.S.C. §227, *et. seq.* ("TCPA") defines a fax broadcaster as "a person or entity that transmits messages to

1

telephone facsimile machines on behalf of another person or entity for a fee." 47 C.F.R. § 64.1200(f)(7). By contrast, a "sender" of a fax advertisement is defined as "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. §64.1200(f)(10).

As the Amended Complaint concedes, Coast Credit Commercial Finance Group, a Minnesota company ("Coast Credit"), appears to be the sender of the subject faxes, although Plaintiff does not name same as a party. By contrast, each of Duck Dive's[1] and WestFax's[2] websites show that WestFax and Duck Dive are fax broadcasters where a fax sender provides all the information, including the fax advertisement and the recipient information. Ex. A, ¶¶8-11. Neither WestFax nor Duck Dive exercise any editorial control or discretion over the content of the fax messages, and nor do they provide the list of fax numbers to which any faxes are transmitted. Ex. A, ¶¶ 9-11; *see also, e.g.,* Screengrab of Duck Dive's Website, attached as **Exhibit B**, at p.2 (in describing steps a customer takes to use Duck Dive's service: "1. [u]pload any documents [the customer] want[s] included in [the] fax broadcast; 2. [c]hoose the list of recipients to sent [the] fax to; 3. [h]it Send; 4. [c]heck the status of [the fax] campaign in real-time."); *see also* Ex. A, p. 3 ("1. [u]pload [the] fax distribution list or select one you've already stored in [the] JBlast account; 2. [a]ttach the documents [the customer] want[s] included in [the] fax broadcast; 3. [s]end [the] fax broadcast; 4. [v]iew the status of [the fax] campaign in real time.").

This case involves the alleged violations of the TCPA by WestFax and Duck Dive for faxes allegedly broadcasted by Duck Dive or WestFax, and which appear to advertise products for and be sent by Coast Credit. The Amended Complaint fails to properly name the "sender" as defined by the TCPA regulations as a defendant, but does attempt to impute personal liability to Mr. Clark.

---

[1] Access Duck Dive's website at: https://jblast.com/how-it-works
[2] Access WestFax's website at: https://westfax.com/how-to/

For the reasons stated herein, Mr. Clark should be dismissed for lack of personal jurisdiction and failure to state a claim.

## II.   ARGUMENT

### A. Plaintiff's Amended Complaint Should be Dismissed for Lack of Personal Jurisdiction Pursuant to Fed. R. Civ. P. 12(b)(2).

#### 1. Governing Law for Personal Jurisdiction.

A party may seek dismissal if the forum court lacks personal jurisdiction over that party. *See* Fed. R. Civ. P. 12(b)(2). To subject a foreign party to the jurisdiction of this Court, Plaintiff must make a showing that asserting personal jurisdiction over Duck Dive would not run afoul of the Due Process Clause limits as set forth in the Fourteenth Amendment. *See Daimler AG v. Bauman,* 134 S. Ct. 746, 753-54 (2014); *sell also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-72 (1985) (writing the Due Process Clause protects "an individual's liberty interest in not being subject to the binding judgments of a forum with which he has no meaningful 'contacts, ties or relations.'").

Courts in Colorado may exercise personal jurisdiction over a nonresident defendant if, and only if, the nonresident defendant had "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'." *Int'l Show, Co. v. Wash.,* 326 U.S. 310, 316 (1945) (*quoting Miliken v. Meyer,* 311 U.S. 457, 463 (1940). A Colorado court can only assert jurisdiction upon an out of state defendant who "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *See J. McIntrye Machinery, Ltd. v. Nicastro,* 564 U.S. 873, 880 (2011) (quotations omitted).

A Colorado court could have power over a non-resident defendant if it has either general personal jurisdiction or specific personal jurisdiction over the party. Individuals are subject to

3

general jurisdiction in the state in which they reside. *Daimler Ag. v. Bauman*, 571 U.S. 117, 138 (2011).

Specific jurisdiction, however, allows a party to be hailed to court for actions "aris[ing] out of" a defendant's contacts with the forum [state]." *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408 (1984); *see also Archangel Diamond Corp. v. Lukoil,* 123 P.3d 1187, 1194 (Colo. 2005). Courts must ask "whether the defendant purposefully availed himself of the privilege of conducting business in the forum state, and…whether the litigation 'arises out of' the defendant's forum-related contacts." *Archangel,* 123 P.2d at 1194 (quoting *Burger King*, 471 U.S. at 472). The "purposeful availment" prong is not satisfied by "random, fortuitous, or attenuated contacts." *Id.* Moreover, "[t]he contacts must be established by the defendant himself" and *not* the "unilateral activity" of a third-party. *Rome v. Reyes,* 401 P.3d 75, 80 (Colo. App. 2017).

Importantly, a minimum contacts analysis focuses on the "relationship among the defendant, the forum, and the litigation." *Walden v. Fiore,* 571 U.S. 277, 283-284 (2014). A defendant's relationship "with a plaintiff of a third-party, standing alone, is an insufficient basis for jurisdiction." *Id.* at 286. Once a party established that sufficient contact exists, courts will then evaluate whether holding jurisdiction would offend "traditional notions of fair play and substantial justice." *Int'l Shoe,* 326 U.S. at 323.

## 2. Mr. Clark is Not Subject to this Court's General Jurisdiction.

Mr. Clark is not subject to this Court's jurisdiction by way of general personal jurisdiction. Plaintiff does not specifically allege any facts as it relates to personal jurisdiction (specific or general), and for that reason alone, it should be dismissed. The Amended Complaint merely acknowledges that Mr. Clark is a resident of California. Am. Compl., ¶5; *see* Ex. A, ¶¶5-6.

### 3. Mr. Clark Lacks Sufficient Contacts with Colorado to Give Rise to Specific Personal Jurisdiction.

Specific personal jurisdiction is proper only when injuries triggering litigation arise out of and are related to a defendant's intentional activities that were "significant and purposefully directed by the defendant at residents of the forum." *Archangel,* 123 P.3d at 1194. Central to the purposeful availment requirement is whether it was foreseeable to a party that its conduct could subject it to suit there. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

For an exercise of specific jurisdiction to comport with due process, the suit must arise "out of contacts that the defendant *himself* creates with the forum State." *Walden*, 571 U.S. at 284 (emphasis in the original) (quotations omitted). In other words, the "minimum contacts" analysis looks to the defendant's contacts with the forum state itself, not the defendant's contacts with persons who reside there. *Id.* at 285.

The facts of this case do not establish specific personal jurisdiction over Mr. Clark. Here, the Amended Complaint fails to allege sufficient minimum contacts by Mr. Clark with Colorado such that this Court could exercise specific personal jurisdiction over him. Plaintiff has not established, and cannot establish, that Mr. Clark engaged in any specific "suit-related conduct: that would create a substantial connection between Mr. Clark and Colorado. *Id.* Mr. Clark does not live in Colorado, does not work in Colorado, and has never conducted business on his *individual* behalf in the state of Colorado. Plaintiff has not alleged, and cannot allege, that any of Mr. Clark's conduct took place in Colorado or has any connection to Colorado, let alone a substantial connection with Colorado.

At most, Plaintiff alleges that Mr. Clark, who resides in California, owns a Colorado company, and communicated (allegedly) with a Minnesota company, to purportedly send faxes to a Florida company. But personal jurisdiction over the individual officers and directors of a

5

company "must be based on their individual contacts with the forum state." *Ten Mile Indus. Park v. W. Plains Serv. Corp.*, 810 F.3d 1518, 1527 (10th Cir. 1987). The fact that there are contacts between a Colorado company and Plaintiff (allegedly) does not permit the exercise of specific personal jurisdiction over Mr. Clark as the owner of WestFax. Furthermore, Mr. Clark's personal contacts in the state are tenuous at best, and are unrelated to the subject lawsuit. Ex. A, ¶¶6-7.

For these reasons, the Court lacks personal jurisdiction over Mr. Clark and should dismiss the entire Complaint as to him under Rule 12(b)(2).

### B. Plaintiff's Complaint Should be Dismissed for Failure to State A Claim Under Fed. R. Civ. P. 12(b)(6).

#### 1. Law Governing Failure to State a Claim.

Under Fed. R. Civ. P. 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 563 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009). A plaintiff must "nudge[] their claims across the line from conceivable to plausible: in order to survive a motion to dismiss. *Twombly,* 550 U.S. at 570.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555. "The metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient." *Ridge at Red Hawk v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 500 U.S. at 555 (citations and quotation marks omitted). "A complain will survive a dismissal only if it alleges a plausible claim for relief—that is, the factual allegations must be

6

enough to raise a right to relief above the speculative level. *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted).

### 2. **Mr. Clark Should Be Dismissed**.

The TCPA provides that it is "unlawful to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement unless the sender has an established business relationship with the recipient and meets several other requirements." *Imhoff Investment, L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 634 (6th Cir. 2015), (citing 47 U.S.C. § 227(b)(1)(C)) (internal quotations omitted). The "plain language of the TCPA" and the accompanying rulings by the Federal Communications Commissions ("FCC") establish that "direct liability attaches to the entity whose goods are advertised as opposed to the fax broadcaster." *Imhoff,* 792 F.3d at 634.

Indeed, the FCC states that "a fax broadcaster's exemption from liability is based on the type of activities it undertakes, and only exists "[i]n the absence of 'a high degree of involvement or actual notice of an illegal use." *See* 47 C.F.R. §64.1200(a)(4)(vii); *see also Rules and Reg. Implementing the Tele. Protection Act of* 1991, CG Dkt. No. 02-278, Report and Order, 18 FCC Rcd 14014, 14131, ¶195 (2003) ("2003 TCPA Order")[3], citing *1992 TCPA Order,* 7 FCC Rcd at 8780, para. 54 (quoting *Use of Common Carriers,* 2 FCC Rcd 2819, 2820 (1987).

Where a "company whose products are advertised has supplied the list of fax numbers" for the purpose of sending faxes to those numbers, "that company is in the best position to ensure that recipients have consented to receive the faxes and should be liable for violations of the prohibition." 2003 TCPA Order, ¶195. A "fax broadcaster will not be responsible for the ads, in

---

[3] Access the 2003 TCPA Order at: https://tcpablog.com/wp-content/uploads/2015/09/July-2003-Report-Order.pdf

7

the absence of any other close involvement, such as determining the content of the faxed message." *Id*.

"Personal liability under the TCPA is analyzed by examining whether the individual was a 'sender' under the TCPA, or whether the person had direct, personal participation in or personally authorized the conduct found to have violated the statute." *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Medical Sopplies, Inc.,* 961 F.3d 942, 946 (7th Cir. 2020) (internal citation omitted) (court concluded that defendant did not "fit within the definition of sender" because the individual did not send any of the faxes, the faxes were no sent on the defendant's behalf personally, and the faxes advertised the services of another.); *see also KHS Corp. v. Singer Fin. Corp.* 376 F.Supp.3d 524 (E.D. Pa. 2019) (holding that financial lending company's officer was not personally liable for violations of the TCPA, although officer personally directed and participated in faxing, where advertisements were faxed on behalf of lending company—not officer—as advertisements promoted lending company's products and services and were sent to individuals and entities that lending company hoped to do business with as a corporation.).

Here it is clear from both the subject faxes appended to the Complaint that Coast Credit is the company whose products are advertised. *See,* Exhibits B-1 through B9 to Am. Compl. (Dkt. Nos. 10-2 through 10-10). The subject faxes do not advertise services for purchase by WestFax, Duck Dive, nor Mr. Clark individually. Plaintiff merely alleges conclusory facts that Mr. Clark was highly involved with a customer of either WestFax or DuckDive (which is contrary to the automated services advertised on each of WestFax's and Duck Dive's websites). But the fact remains that the subject faxes advertise the services of Coast Credit, and were sent by Coast Credit—a party which is clearly the "sender" under the TCPA but is not named in the case. Liability under the TCPA can only attach to an individual where the advertisement benefits the

8

individual, and the individual was intimately involved in the creation of the subject fax *and* was the sender.

Because: (i) it is clear from the subject faxes that Coast Credit is the sender; (ii) that the subject faxes advertise and were sent by Coast Credit; and (iii) that each of WestFax's and Duck Dive's websites show that the companies offer no services whereby they are involved in the fax creation or distribution selection, the Amended Complaint should be dismissed for failure to state a claim against Mr. Clark because personal liability cannot attach to him under the TCPA.

## Conclusion

WHEREFORE, for the foregoing reasons, Barry Clark, individually, respectfully requests that this Court dismiss the action brought by Plaintiff as to Barry Clark in its entirety for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and further, requests that this Court grant such other relief as may be just and proper.

Dated:  March 12, 2024.

Respectfully submitted,

MONTGOMERY LITTLE & SORAN, PC

*s/ James C. Taravella*
Nathan G. Osborn, #38951
Alyson S. Evett, #52400
James C. Taravella, #55179
5445 DTC Parkway, Suite 800
Greenwood Village, Colorado 80111
E-mail:  nosborn@montgomerylittle.com
             aevett@montgomerylittle.com
             jtaravella@montgomerylittle.com

**Attorneys for Defendants Westfax INC, Duck Dive Communications LLC, d/b/a JBlast, and Barry Clark**

## CERTIFICATE OF SERVICE

       I hereby certify that on March 12, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

LOFTUS & EISENBERG, LTD.
Ross M. Good, Esq.
161 N. Clark, Suite 1600
Chicago, IL 60601
direct: (786) 539-3952
ross@loftusandeisenberg.com
**Attorney for Plaintiff Astro Companies, LLC**


                                                *s/ James C. Taravella*
                                                James C. Taravella, Attorney