**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1: 23-cv-02328-SKC-MEH

ASTRO COMPANIES, LLC,

      Plaintiff,

v.

WESTFAX INC,
DUCK DIVE COMMUNICATIONS LLC, d/b/a JBlast,
BARRY CLARK,
CHAD MATHESON, and
JOHN DOES 1-10,

      Defendants.

---

**DEFENDANT DUCK DIVE COMMUNICATIONS, LLC'S MOTION TO DISMISS
PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(2) AND 12(b)(6)**

---

COMES NOW, Defendant Duck Dive Communications, LLC d/b/a JBlast ("Duck Dive"), by and through its counsel Montgomery Little & Soran, PC, and hereby respectfully moves this Court to dismiss the claims brought against Duck Dive in Plaintiff Astro Companies, LLC's ("Plaintiff") December 21, 2023 First Amended Complaint (Dkt. No. 10, "Amended Complaint"), pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6). In support thereof, Duck Dive states as follows (this "Motion"):

## I.      FACTUAL SUMARY OF DISPUTE

Duck Dive is a Delaware limited liability company with its registered address in Dover. *See* Declaration of Barry Clark, ¶4, attached as **Exhibit A**; *see also* Duck Dive's Entity Page with the Delaware Secretary of State, attached as **Exhibit B**. Duck Dive operates under the trade name JBlast, and is a fax broadcaster. Ex. A, ¶8. The Telephone Consumer Protection Act, 47 U.S.C. §?,

1

*et. seq.* ("TCPA") defines a fax broadcaster as "a person or entity that transmits messages to telephone facsimile machines on behalf of another person or entity for a fee." 47 C.F.R. § 64.1200(f)(7). By contrast, a "sender" of a fax advertisement is defined as "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. §64.1200(f)(10).

As Duck Dive's website shows, Duck Dive is an automated fax broadcaster where the fax sender provides all the information, including the fax advertisement and the recipient information. Ex. A, ¶¶8-10. Duck Dive does not exercise any editorial control or discretion over the content of the fax messages, and does not provide the list of fax numbers to which any faxes are transmitted. Ex. A, ¶¶8-11; *see also* Screengrab of Duck Dive's Website, attached as **Exhibit C**[1], at p.2 (in describing steps a customer takes to use Duck Dive's service: "1. [u]pload any documents [the customer] want[s] included in [the] fax broadcast; 2. [c]hoose the list of recipients to sent [the] fax to; 3. [h]it Send; 4. [c]heck the status of [the fax] campaign in real-time."); *see also* Ex. C, p. 3 ("1. [u]pload [the] fax distribution list or select one you've already stored in [the] JBlast account; 2. [a]ttach the documents [the customer] want[s] included in [the] fax broadcast; 3. [s]end [the] fax broadcast; 4. [v]iew the status of [the fax] campaign in real time.").

This case involves the alleged violations of the TCPA by Duck Dive for faxes allegedly broadcasted by Duck Dive or WestFax, and which appear to advertise products for a company called Coast Credit Commercial Finance Group, a Minnesota company ("Coast Credit"). The Amended Complaint fails to properly name as a defendant any "sender" as defined by the TCPA regulations, although it is apparent that another company other than Duck Dive is the sender of the faxes. Further, the subject faxes advertise the services of the sender—not Duck Dive. There are

---

[1] Access Duck Dive's website at: https://jblast.com/

also insufficient allegations that connect Duck Dive as the fax broadcaster to the subject faxes. For

the reasons stated herein, Duck Dive should be dismissed for lack of personal jurisdiction and

failure to state a claim.

## II.   ARGUMENT

**A.  PLAINTIFF'S AMENDED COMPLAINT SHOULD BE DISMISSED FOR LACK OF PERSONAL JURISDICTION PURSUANT TO FED. R. CIV. P. 12(B)(2).**

### 1.  Governing Law for Personal Jurisdiction.

A party may seek dismissal if the forum court lacks personal jurisdiction over that party.

*See* Fed. R. Civ. P. 12(b)(2). To subject a foreign party to the jurisdiction of this Court, Plaintiff

must make a showing that asserting personal jurisdiction over Duck Dive would not run afoul of the Due Process Clause limits as set forth in the Fourteenth Amendment. *See Daimler AG v. Bauman,* 134 S. Ct. 746, 753-54 (2014); *sell also Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 471-72 (1985) (writing the Due Process Clause protects "an individual's liberty interest in not being subject to the binding judgments of a forum with which he has no meaningful 'contacts, ties or relations.'").

Courts in Colorado may exercise personal jurisdiction over a nonresident defendant if, and only if, the nonresident defendant had "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'." *Int'l Show, Co. v. Wash.,* 326 U.S. 310, 316 (1945) (*quoting Miliken v. Meyer,* 311 U.S. 457, 463 (1940). A Colorado court can only assert jurisdiction upon an out of state defendant who "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *See J. McIntrye Machinery, Ltd. v. Nicastro,* 564 U.S. 873, 880 (2011) (quotations omitted).

A Colorado court could have power over a non-resident defendant if it has either general personal jurisdiction or specific personal jurisdiction over the party. Individuals are subject to general jurisdiction in the state in which they reside. *Daimler Ag. v. Bauman*, 571 U.S. 117, 138 (2011). For a business entity, a plaintiff must establish that a foreign party's contacts are "so continuous and systematic" so as to practically make the company "at home" in the forum state. *See Goodyear Dunlop Tires Operations, S.A. v. Brown,* 564 U.S. 915, 919 (2011).

Specific jurisdiction, however, allows a party to be hailed to court for actions "aris[ing] out of" a defendant's contacts with the forum [state]." *Helicopteros Nacionales de Columbia, S.A. v. Hall,* 466 U.S. 408 (1984); *see also Archangel Diamond Corp. v. Lukoil,* 123 P.3d 1187, 1194

(Colo. 2005). Courts must ask "whether the defendant purposefully availed himself of the privilege of conducting business in the forum state, and…whether the litigation 'arises out of' the defendant's forum-related contacts." *Archangel,* 123 P.2d at 1194 (quoting *Burger King*, 471 U.S. at 472). The "purposeful availment" prong is not satisfied by "random, fortuitous, or attenuated contacts." *Id.* Moreover, "[t]he contacts must be established by the defendant himself" and *not* the "unilateral activity" of a third-party. *Rome v. Reyes,* 401 P.3d 75, 80 (Colo. App. 2017).

Importantly, a minimum contacts analysis focuses on the "relationship among the defendant, the forum, and the litigation." *Walden v. Fiore,* 571 U.S. 277, 283-284 (2014). A defendant's relationship "with a plaintiff of a third-party, standing alone, is an insufficient basis for jurisdiction." *Id.* at 286. Once a party established that sufficient contact exists, courts will then evaluate whether holding jurisdiction would offend "traditional notions of fair play and substantial justice." *Int'l Shoe,* 326 U.S. at 323.

2.  **Duck Dive is Not Subject to this Court's General Jurisdiction**.

Duck Dive is not subject to this Court's jurisdiction by way of general personal jurisdiction. Plaintiff does not specifically allege any facts as it relates to personal jurisdiction (specific or general), and for that reason alone, it should be dismissed. The Amended Complaint merely alleges that "[o]n information and belief, [Duck Dive] is a Delaware corporation with its principal place of business in Centennial, Colorado." Am. Compl., ¶7. No address is provided.

The Delaware secretary of state records show that Duck Dive is a limited liability company

organized under the laws of Delaware, with a registered address in the city of Dover. Ex. B; *see also* Ex. A, ¶¶4. There is no "Duck Dive Communications" or "JBlast" registered with the Colorado secretary of state. Duck Dive's website does not list a contact address in Colorado.

In short, there are no facts pled by Plaintiff which show that Duck Dive has a continuous and systematic presence in Colorado such that it is essentially at home in the state. Accordingly, this Court does not have general jurisdiction over Duck Dive.

3. **Duck Dive Lacks Sufficient Contacts with Colorado to Give Rise to Specific Personal Jurisdiction**.

Specific personal jurisdiction is proper only when injuries triggering litigation arise out of and are related to a defendant's intentional activities that were "significant and purposefully directed by the defendant at residents of the forum." *Archangel,* 123 P.3d at 1194. Central to the purposeful availment requirement is whether it was foreseeable to a party that its conduct could subject it to suit there. *See World-Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980).

However, foreseeability does *not* mean that a party could reasonably imagine its services will reach a certain forum—foreseeability is a function of intentions and actions. *Id.* (noting "the foreseeability that is critical to due process analysis is not the mere likelihood that product will find its way into the forum…it is that the defendant's conduct and connection with the forum…are such that he shou21ld reasonably anticipate being hailed into court there.").

a. *Duck Dive Neither Targeted nor Purposefully Directed its Products Toward Colorado*.

It is not sufficient to merely show that a party placed a product into the stream-of-commerce and was aware that its product would reach a certain forum. *Asahi Metal Indus. Co. v. Superior Ct. of C.A.,* 480 U.S. 102, 112 (1987). Instead, a party must have taken affirmative action signaling its *intent* for its product to reach the subject forum. *Id.* ("awareness…does not convert

the mere act of placing the product into the stream into an act purposefully directed toward the forum State."). There must be a "'substantial connection' between the defendant and forum. *Id.*

Actions such as designing a product to meet the needs of state's market, advertising in the state, or establishing "channels for providing regular advise to customers" in the forum state would be illustrative of an intent to purposefully direct activity to a forum state. *Asahi,* 480 U.S. at 112; *see also J. McIntyre Machinery, Ltd. v. Nicastro,* 564 U.S. 873, 882 (2011) (the "transmission of goods" only triggers jurisdiction when an out-of-state defendant "can be said to have *targeted* the forum.") (emphasis added). Without such demonstrative contacts, there are no grounds for specific personal jurisdiction.

The facts of this case do not establish specific personal jurisdiction over Duck Dive. Duck Dive is a Delaware company. Am. Compl. ¶7; Ex. A, ¶4; Ex. B. Duck Dive's business is as a fax broadcaster. Ex. A, ¶¶8-11. As evidenced by its website, Duck Dive takes no part in the creation of a fax advertisement nor in the determination of who a fax is sent to—that is all done by the sender, who appears to be Coast Credit. *See* Ex. C; *see also,* Exhibits. B-1 through B9 to Am. Compl. (Dkt. Nos. 10-2 through 10-10). In any event, the faxes are alleged to have been sent to Plaintiff, who is a Florida—not Colorado—company. Am. Compl. ¶5. Even then, Duck Dive is merely the infrastructure provider. Ex. A, ¶8; Ex. C. There is no evidence, nor sufficient allegations, that Duck Dive broke with its typical business model and purposefully targeted, or intended to solicit customers in, Colorado or any state in particular. The Amended Complaint lacks sufficient allegations to prove jurisdiction over Duck Dive and, thus, should be dismissed accordingly.

**B. Plaintiff's Complaint Should be Dismissed for Failure to State A Claim Under Fed. R. Civ. P. 12(b)(6).**

1. <u>**Law Governing Failure to State a Claim**</u>.

Under Fed. R. Civ. P. 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 563 (2007); *see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009). A plaintiff must "nudge[] their claims across the line from conceivable to plausible: in order to survive a motion to dismiss. *Twombly,* 550 U.S. at 570.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555. "The metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient." *Ridge at Red Hawk v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 500 U.S. at 555 (citations and quotation marks omitted). "A complain will survive a dismissal only if it alleges a plausible claim for relief—that is, the factual allegations must be enough to raise a right to relief above the speculative level. *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted).

2. **<u>Duck Dive Should be Dismissed</u>**.

The TCPA provides that it is "unlawful to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement unless the sender has an established business relationship with the recipient and meets several other requirements." *Imhoff Investment, L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 634 (6th Cir. 2015), (citing 47 U.S.C. § 227(b)(1)(C)) (internal quotations omitted). The "plain language of the TCPA"

---

[2] Access the 2003 TCPA Order at: https://tcpablog.com/wp-content/uploads/2015/09/July-2003-Report-Order.pdf

and the accompanying rulings by the Federal Communications Commissions ("FCC") establish that "direct liability attaches to the entity whose goods are advertised as opposed to the fax broadcaster." *Imhoff,* 792 F.3d at 634.

Indeed, the FCC states that "a fax broadcaster's exemption from liability is based on the type of activities it undertakes, and only exists "[i]n the absence of 'a high degree of involvement or actual notice of an illegal use." *See* 47 C.F.R. §64.1200(a)(4)(vii); *see also Rules and Reg. Implementing the Tele. Protection Act of* 1991, CG Dkt. No. 02-278, Report and Order, 18 FCC Rcd 14014, 14131, ¶195 (2003) ("2003 TCPA Order") [2], citing *1992 TCPA Order,* 7 FCC Rcd at 8780, para. 54 (quoting *Use of Common Carriers,* 2 FCC Rcd 2819, 2820 (1987).

Where a "company whose products are advertised has supplied the list of fax numbers" for the purpose of sending faxes to those numbers, "that company is in the best position to ensure that recipients have consented to receive the faxes and should be liable for violations of the prohibition." 2003 TCPA Order, ¶195. A "fax broadcaster will not be responsible for the ads, in the absence of any other close involvement, such as determining the content of the faxed message." *Id*.

Here it is clear from both the subject faxes appended to the Complaint and Duck Dive's own website that Coast Credit—not Duck Dive—is the company whose products are advertised. *See,* Exs. B-1 through B9 to Am. Compl. (Dkt. Nos. 10-2 through 10-10). Plaintiff merely alleges conclusory facts in an attempt to show that Duck Dive has a "high degree of involvement." Am. Compl. ¶146. Plaintiff's allegations of involvement with sending the faxes is not only contrary to the services advertised on Duck Dive's website (without an explanation as to how or why Duck Dive deviated from its normal business here), but is also barebones and contradicts the content of

the subject faxes attached to the Amended Complaint.

But Plaintiff curiously does not properly name the actual sender in this case—Coast Credit. Liability can only attach to a fax broadcaster where the fax broadcaster was intimately involved in the creation of the subject fax with the *sender*. Because the faxes are clearly advertising services of Coast Credit, and Duck Dive clearly does not help with content creation for a fax nor provide customer lists for the purpose of sending a fax, proving that Coast Credit as the *sender* violated the TCPA is a necessary prerequisite to finding that Duck Dive violated the TCPA through its involvement with the *sender*. Without naming the sender, there can be no claim against Duck Dive.

Because: (i) it is clear from the subject faxes that Coast Credit is the sender; (ii) that Coast Credit must be joined as a party and found liable under the TCPA for liability to attach to Duck Dive; (iii) that the subject faxes do not advertise Duck Dive's services; and (iv) Duck Dive's website shows that the company offers no services whereby it is involved in the fax creation or distribution selection, the Amended Complaint should be dismissed for failure to state a claim against Duck Dive.

## Conclusion

WHEREFORE, for the foregoing reasons, Duck Dive Communications, LLC d/b/a JBlast respectfully requests that this Court dismiss the action brought by Plaintiff as to Duck Dive in its entirety for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2) and failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), and further, requests that this Court grant such other relief as may be just and proper.

Dated:  March 12, 2024.

Respectfully submitted,

MONTGOMERY LITTLE & SORAN, PC

*s/ James C. Taravella*
Nathan G. Osborn, #38951
Alyson S. Evett, #52400
James C. Taravella, #55179
5445 DTC Parkway, Suite 800
Greenwood Village, Colorado 80111
E-mail:  nosborn@montgomerylittle.com
           aevett@montgomerylittle.com
           jtaravella@montgomerylittle.com

***Attorneys for Defendants Westfax INC, Duck Dive Communications LLC, d/b/a JBlast, and Barry Clark***

## CERTIFICATE OF SERVICE

I hereby certify that on March 12, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

LOFTUS & EISENBERG, LTD.
Ross M. Good, Esq.
161 N. Clark, Suite 1600
Chicago, IL 60601
direct: (786) 539-3952
ross@loftusandeisenberg.com

***Attorney for Plaintiff Astro Companies, LLC***

*s/ James C. Taravella*