IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 23-cv-02328-SKC-MEH

ASTRO COMPANIES, LLC,

    Plaintiff,

v.

WESTFAX INC,
DUCK DIVE COMMUNICATIONS LLC, d/b/a JBlast,
BARRY CLARK,
CHAD MATHESON, and
JOHN DOES 1-10,

    Defendants.

---

**DEFENDANT WESTFAX, INC.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

---

COMES NOW, WestFax, Inc. ("WestFax"), by and through its counsel Montgomery Little & Soran, PC, and hereby respectfully moves this Court to dismiss the claims brought against WestFax in Plaintiff Astro Companies, LLC's ("Plaintiff") December 21, 2023 First Amended Complaint (Dkt. No. 10, "Amended Complaint"), pursuant to Fed. R. Civ. P. 12(b)(6). In support thereof, WestFax states as follows (this "Motion"):

    **I.**    **FACTUAL SUMARY OF DISPUTE**

WestFax is a Colorado corporation. *See* Declaration of Barry Clark, ¶2, attached as **Exhibit A**. WestFax has a business line that includes fax broadcasting, primarily serving customers in the medical industry. The Telephone Consumer Protection Act, 47 U.S.C. §227, *et. seq.* ("TCPA") defines a fax broadcaster as "a person or entity that transmits messages to telephone facsimile machines on behalf of another person or entity for a fee." 47 C.F.R. § 64.1200(f)(7). By contrast,

1

a "sender" of a fax advertisement is defined as "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. §64.1200(f)(10).

As WestFax's website shows, WestFax is a customer driven fax broadcaster where the fax sender (not broadcaster) provides all the information, including the fax advertisement and the recipient information. Ex. A, ¶¶8-10; *see* "How to Use the WestFax Fax Portal" on WestFax's Website, https://westfax.com/how-to/. WestFax does not exercise any editorial control or discretion over the content of the fax messages, and does not provide the list of fax numbers to which any faxes are transmitted. Ex. A, ¶¶8-11.

This case involves the alleged violations of the TCPA by WestFax for faxes allegedly broadcasted by Duck Dive or WestFax, and which appear to advertise products for a company called Coast Credit Commercial Finance Group, a Minnesota company ("Coast Credit"). The Amended Complaint fails to properly name the "sender" as defined by the TCPA regulations, which is necessary to attach liability to a fax broadcaster, although it is apparent that another company other than WestFax is the sender of the faxes. Further, the subject faxes advertise the services of the sender, not WestFax. There are also not sufficient allegations that connect WestFax as the fax broadcaster to the subject faxes. For the reasons stated herein, WestFax should be dismissed for failure to state a claim.

## II.     ARGUMENT

A. **PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER FED. R. CIV. P. 12(B)(6).**

　　1. **Governing Law**.

Under Fed. R. Civ. P. 12(b)(6), the complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 563 (2007);

2

*see also Ashcroft v. Iqbal,* 556 U.S. 662 (2009). A plaintiff must "nudge[] their claims across the line from conceivable to plausible: in order to survive a motion to dismiss. *Twombly,* 550 U.S. at 570.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal,* 556 U.S. at 678. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Twombly,* 550 U.S. at 555. "The metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient." *Ridge at Red Hawk v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 500 U.S. at 555 (citations and quotation marks omitted).

"A complaint will survive a dismissal only if it alleges a plausible claim for relief—that is, the factual allegations must be enough to raise a right to relief above the speculative level. *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009) (internal quotation marks omitted).

2. **WestFax Should be Dismissed**.

The TCPA provides that it is "unlawful to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement unless the sender has an established business relationship with the recipient and meets several other requirements." *Imhoff Investment, L.L.C. v. Alfoccino, Inc.*, 792 F.3d 627, 634 (6th Cir. 2015), (citing 47 U.S.C. § 227(b)(1)(C)) (internal quotations omitted). The "plain language of the TCPA" and the accompanying rulings by the Federal Communications Commissions ("FCC") establish that "direct liability attaches to the entity whose goods are advertised as opposed to the fax broadcaster." *Imhoff,* 792 F.3d at 634.

3

Indeed, the FCC held that "a fax broadcaster's exemption from liability is based on the type of activities it undertakes, and only exists [i]n the absence of 'a high degree of involvement' or actual notice of an illegal use." *See* 47 C.F.R. §64.1200(a)(4)(vii); *see also Rules and Reg. Implementing the Tele. Protection Act of 1991*, CG Dkt. No. 02-278, Report and Order, 18 FCC Rcd 14014, 14131, ¶195 (2003) ("2003 TCPA Order") [1], citing *1992 TCPA Order,* 7 FCC Rcd at 8780, para. 54 (quoting *Use of Common Carriers,* 2 FCC Rcd 2819, 2820 (1987).

Where a "company whose products are advertised has supplied the list of fax numbers" for the purpose of sending faxes to those numbers, "that company is in the best position to ensure that recipients have consented to receive the faxes and should be liable for violations of the prohibition." 2003 TCPA Order, ¶195. A "fax broadcaster will not be responsible for the ads, in the absence of any other close involvement, such as determining the content of the faxed message." *Id*.

Here it is clear from both the subject faxes appended to the Amended Complaint and WestFax's own website that Coast Credit—not WestFax—is the company whose products are advertised. *See,* Exhibits B-1 through B9 to Am. Compl. (Dkt. Nos. 10-2 through 10-10). Plaintiff merely alleges conclusory allegations in attempt to show that WestFax had a "high degree of involvement." Am. Compl. ¶146. Plaintiff's allegations of involvement with sending the faxes is not only contrary to the services advertised on WestFax's website (without an explanation as to how or why WestFax deviated from its normal business here), but it also amounts to barebones pleading that contradicts the content of the subject faxes attached to the Amended Complaint. Further, the allegations lack any explanation as to which of the subject faxes were purportedly sent

---

[1] Access the 2003 TCPA Order at: https://tcpablog.com/wp-content/uploads/2015/09/July-2003-Report-Order.pdf

by WestFax as opposed to Duck Dive Communications, LLC d/b/a JBlast, or any other fax broadcaster.

But Plaintiff curiously does not properly name the party that appears to be the actual sender in this case—Coast Credit. Liability can only attach to a fax broadcaster where the fax broadcaster was intimately involved in the creation of the subject fax with the *sender*. Because the faxes are clearly advertising services of Coast Credit, and WestFax clearly does not provide customer lists or content creation, proving that Coast Credit is the *sender* that violated the TCPA is a necessary prerequisite to finding that WestFax violated the TCPA through its involvement with the *sender*. Without naming the sender, there can be no claim against WestFax.

Furthermore, the Fax Police document (Docket 10-1, Exhibit A to the Am. Complaint) is not an advertisement for the purchase of services for WestFax. The plain language of the fax reads like an opt-out notice, and there is no clear connection between WestFax and the "Fax Police" as alleged in the Amended Complaint. The Fax Police document cannot therefore be an advertisement for a service as it is not soliciting business (i.e., payment), but rather notifying the recipient regarding removal options from a distribution list. Any claim related to the Fax Police document should therefore be dismissed.

Because: (i) it is clear from the subject faxes that Coast Credit is the sender; (ii) that Coast Credit must be joined as a party and found liable under the TCPA for liability to attach to WestFax; (iii) that the faxes do not advertise or benefit WestFax's services in any manner; and (iv) WestFax's website shows that the company offers no services whereby it is involved in the fax creation or distribution selection, the Amended Complaint should be dismissed for failure to state a claim against WestFax.

5

## **Conclusion**

WHEREFORE, for the foregoing reasons, WestFax, Inc. respectfully requests that this Court dismiss the action brought by Plaintiff as to WestFax in its entirety for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) and grant such other relief as may be just and proper.

Dated:  March 12, 2024.        Respectfully submitted,

MONTGOMERY LITTLE & SORAN, PC

*s/ James C. Taravella*
Nathan G. Osborn, #38951
Alyson S. Evett, #52400
James C. Taravella, #55179
5445 DTC Parkway, Suite 800
Greenwood Village, Colorado 80111
E-mail:  nosborn@montgomerylittle.com
             aevett@montgomerylittle.com
             jtaravella@montgomerylittle.com

***Attorneys for Defendants Westfax INC, Duck Dive Communications LLC, d/b/a JBlast, and Barry Clark***

## CERTIFICATE OF SERVICE

      I hereby certify that on March 12, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

LOFTUS & EISENBERG, LTD.
Ross M. Good, Esq.
161 N. Clark, Suite 1600
Chicago, IL 60601
direct: (786) 539-3952
ross@loftusandeisenberg.com
***Attorney for Plaintiff Astro Companies, LLC***

                                                      *s/ James C. Taravella*
                                                      James C. Taravella, Attorney