IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02328-SKC-MEH

ASTRO COMPANIES, LLC,

     Plaintiff,

v.

WESTFAX INC,
DUCK DIVE COMMUNICATIONS LLC d/b/a JBLAST,
BARRY CLARK,
CHAD MATHESON, and
JOHN DOES 1-10,

     Defendants.

---

## SCHEDULING ORDER

---

### 1.  DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL

On January 2, 2024 a conference was held between Ross Good (counsel for Plaintiff ASTRO COMPANIES, LLC) and William B. Hayes (counsel for Defendant WESTFAX, INC.).

On March 5, 2024, a conference was held between Ross Good (counsel for Plaintiff ASTRO COMPANIES, LLC) and James Taravella and Alyson Evett (counsel for Defendants WESTFAX, INC., DUCK DIVE COMMUNICATIONS LLC d/b/a JBlast, and BARRY CLARK).

On March 13, 2023, a Scheduling Conference was held before the Court.

### 2.  STATEMENT OF JURISDICTION

The Parties agree this Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332 and 47 U.S.C § 227.

### 3.  STATEMENT OF CLAIMS AND DEFENSES

    a.  *Plaintiff(s)*: Violations of the Telephone Consumer Protection Act (47 U.S.C § 227).

1

b. *Defendant(s)*:

- WestFax, Inc. ("WestFax") is a Colorado corporation and is primarily in the business of providing cloud-based services for medical records. It was previously primarily a fax broadcaster but is no longer marketing for that business. A fax broadcaster provides infrastructure for faxes to be sent but is not the actual sender of a fax. WestFax is not the sender of the subject faxes. As of the date of this proposed scheduling order, WestFax does not currently know whether its services as a fax broadcaster were used to send the subject faxes. WestFax's answer or responsive pleading is due on March 12, 2024. As WestFax's investigation continues, it is considering a motion to dismiss for failure to join an indispensable party (the sender), and a motion to dismiss for failure to state a claim upon which relief can be granted under the Telephone Consumer Protection Act (47 U.S.C. § 227) ("TCPA").

- Duck Dive Communications, LLC d/b/a JBlast ("Duck Dive") is Delaware limited liability company owned by WestFax and is a fax broadcaster. Duck Dive is not the sender of the subject faxes. As of the date of this proposed scheduling order, Duck Dive does not currently know whether its services as a fax broadcaster were used to send the subject faxes. Duck Dive's response or answer to the Amended Complaint is due March 12, 2024. As Duck Dive's investigation continues, it is considering a motion to dismiss for failure to join an indispensable party (the sender), and a motion to dismiss for failure to state claim upon which relief can be granted under the TCPA.

- Barry Clark ("Mr. Clark") is an individual who resides in California. Mr. Clark is the sole shareholder of WestFax. Mr. Clark is not the send of the faxes, nor is he a fax broadcaster. Mr. Clark has no connections to Colorado other than his ownership over WestFax. Mr. Clark maintains that he is not personally liable under the TCPA. Mr. Clark's response or answer to the Amended Complaint is due March 12, 2024. As Mr. Clark's investigation continues, he is considering a motion to dismiss for lack of personal jurisdiction, a motion to dismiss for failure to join an indispensable party (the sender), and failure to state a claim upon which relief can be granted under the TCPA.

c. *Other Parties*:

- Chad Matheson has not been served yet. Plaintiff is seeking to properly serve him and identify counsel he may have already retained.

## 4.  UNDISPUTED FACTS

The following facts are undisputed:

1. Barry Clark is the owner of WestFax.
2. WestFax is the owner of Duck Dive.
3. Barry Clark is a resident of California.
4. Barry Clark is the principal for WestFax and Duck Dive.

5.   The Telephone Consumer Protection Act may govern the faxes at issue in the case.

## 5.  COMPUTATION OF DAMAGES

*Plaintiff's Statement:*
The Telephone Consumer Protection Act specifies that:

**(A)** an action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,

**(B)** an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or

**(C)** both such actions.

If the court finds that the defendant willfully or knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph.

47 U.S.C § 227(b)(3). Plaintiff seeks recovery of $1,500 (three times the amount available pursuant to 47 U.S.C § 227(b)(3)(b)) for each of the 8,579 faxes attached to Plaintiff's Amended Complaint (Doc. 10). The total amount of damages sought by Plaintiff is $12,868,500.

*Defendants WestFax's, Duck Dive's, and Barry Clark's Statement***:**
At the time of the submission of this Scheduling Order, which is ahead of the time a responsive pleadings and/or answer is due, each of the Defendants WestFax, Duck Dive, and Barry Clark have no affirmative claims against Plaintiff or any-third party. Thus, Defendants WestFax, Duck Dive, and Barry Clark do not affirmatively seek damages through this process, at this time. Defendants WestFax, Duck Dive, and Barry Clark each reserve the right to raise an affirmative claim in their answer when the answer is due.

However, each of Defendants WestFax, Duck Dive, and Barry Clark reserve the right to seek all attorneys' fees, costs, and interest available to them under contract, statute, or law should they prevail at trial or on any motions to dismiss or strike.

## 6.  REPORT OF PRE-CONFERENCE DISCOVERY & MEETING UNDER FED R. CIV. P. 26(f)

a.      Date of Rule 26(f) meeting: **January 2, 2024; held Again on March 5, 2024**

b.      Names of each participant and party he/she represented.
- **Counsel for Plaintiff Astro Companies, LLC**
  Loftus & Eisenberg, Ltd.
  161 North Clark

Suite 16—
Chicago, IL 60601
786-539-3952

- **Counsel for WestFax, Duck Dive, and Barry Clark**:
Mongtomery Little & Soran, PC
5445 DTC Parkway
Suite 800
Greenwood Village, Colorado 80111
303-773-8100

c.    Proposed changes, if any, in timing or requirement of disclosures under
Fed. R. Civ. P. 26(a)(1).
- **None**

d.    Statement as to when Rule 26(a)(1) disclosures were made or will be made.
- **Rule 26(a)(1) disclosures will be made no later than March 13, 2024.**

e.    Statement concerning any agreements to conduct informal discovery, including
joint interviews with potential witnesses, exchanges of documents, and joint
meetings with clients to discuss settlement.  If there is agreement to conduct joint
interviews with potential witnesses, list the names of such witnesses and a date
and time for the interview which have been agreed to by the witness, all counsel,
and all *pro se* parties.
- **None**

f.    Statement as to whether the parties anticipate that their claims or defenses will
involve extensive electronically stored information, or that a substantial amount of
disclosure or discovery will involve information or records maintained in electronic
form.  In those cases, the parties must indicate what steps they have taken or will
take to (i) preserve electronically stored information; (ii) facilitate discovery or
electronically stored information; (iii) limit associated discovery costs and delay;
and (iv) avoid discovery disputes relating to electronic discovery.

(i)    preserve electronically stored information: Plaintiff has demanded
Defendants preserve all electronically stored information.

(ii)   facilitate discovery or electronically stored information: Parties agree to
work together to facilitate transmission of electronically stored information
in the least burdensome manner.

(iii)  limit associated discovery costs and delay: Parties agree to limit costs
associated with obtaining and producing electronically stored information.

(iv)   avoid discovery disputes relating to electronic discovery: Parties agree to
meet and confer in the hopes of avoiding disputes regarding electronic
discovery.

The Parties agree to timely produce a privilege log regarding any alleged privileged documents or communications.

## 7.    CONSENT

All parties **have not** consented to the exercise of jurisdiction of a magistrate judge.

## 8.  CASE PLAN AND SCHEDULE

a.     **The filing of amended and supplemental pleadings will be made pursuant to Fed.R.Civ.P. 15.** Defendants WestFax, Duck Dive, and Barry Clark are required to file an answer or other responsive pleading to Plaintiff's Amended Complaint (Doc. 10) no later than March 12, 2024. (Doc. 32).

b.     **Discovery Deadlines:** December 31, 2024

c.     **Dispositive Motion Deadline:** January 15, 2025

d.     **Expert Witness Disclosures**:

(1).  State anticipated fields of expert testimony, if any.
- **Plaintiff**:
  - Telephonic communications and computer forensics expert may be retained in this matter.
- **Defendant**:
  - Telephonic communications expert
  - Computer forensics expert
  - Expert in TCPA regulations
  - Economist, Accountant, or other Damages Expert

(2).  State any limitations proposed on the use or number of expert witnesses.
- **None**

(3).  The party bearing the burden of persuasion on the issues for which expert opinion is to be offered shall designate the expert and provide opposing counsel with all information specified in Fed.R.Civ.P. 26(a)(2) on or before:"
- **Disclosure deadline September 9, 2024.**

(4).  The parties shall designate all contradicting experts and provide opposing counsel with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:
- **Disclosure deadline October 31, 2024.**

(5).  Any rebuttal opinions will be exchanged on or before:
- **November 29, 2024.**

(6).  Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e.      **Deposition Schedule**:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| **Plaintiff's Proposed List of Deponents** | | | |
| Defendant Barry Clark | | | 5 hours |
| Defendant Chad Matheson | | | 5 hours |
| Corporate Representative of Defendant WESTFAX, INC | | | 5 hours |
| Corporate Representative of DUCK DIVE COMMUNICATIONS LLC d/b/a JBlast | | | 5 hours |
| Charlotte McCrary (WESTFAX, INC employee) | | | 3 hours |
| Deanna Gasseling (WESTFAX, INC employee) | | | 3 hours |
| Bill Olson (DUCK DIVE COMMUNICATIONS LLC d/b/a JBlast employee) | | | 3 hours |
| 1 Deposition each of any designated expert by any Defendant | | | 7 hours |
| **Defendants WestFax's, Duck Dive's, and Barry Clark's Proposed List of Deponents** | | | |
| Corporate Representative of Astro Companies, LLC. | | | 7 hours |
| 1 Deposition each of any designated expert by Plaintiff | | | 7 hours |

f.      **Interrogatory Schedule:**

The Parties anticipate serving Interrogatories on or about April 30, 2024 and responding to Interrogatories within 30 days.

g.      **Schedule for Request for Production of Documents:**

The Parties anticipate serving Requests for Production on or about May 30, 2024 and

responding to Interrogatories within 30 days.

h.     **Discovery Limitations:**

(1).  Any limits which any party wishes to propose on the number of depositions.
- **10 Depositions for each side**

(2).  Any limits which any party wishes to propose on the length of depositions.
- **7 hours**

(3).  Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules.
- **None**

(4).  Limitations which any party proposes on number of requests for production of documents and/or requests for admissions.
- **None**

i.     **Other Planning or Discovery Orders:**

**The Court:** Parties shall abide by the Court's preferred discovery dispute protocol. Before filing a motion relating to a discovery dispute, the movant must request a conference with the Court by submitting an email, copied to all parties, to hegarty_chambers@cod.uscourts.gov. *See* Fed. R. Civ. P. 16, cmt. 2015 Amendment. The Court will determine at the conference whether to grant the movant leave to file the motion. *See* Section III(C) of Chief Magistrate Judge Hegarty's Practice Standards for Civil Actions. Furthermore, pursuant to Chief Magistrate Judge Hegarty's Practice Standards for Civil Cases, "Non-parties seeking relief regarding a subpoena should file the appropriate motion and not request a discovery conference." *See* Section III(A)(3).

### 9.  DATES FOR FURTHER CONFERENCES

a.     Status conferences will be held in this case at the following dates and times: _____.

b.     **The Court:** Judge Crews presides over the Final Pretrial Conference which he combines with the Trial Preparation Conference. Judge Crews will set a conference date after the Dispositive Motion Deadline has passed and the Court has issued rulings on all such motions, or if no dispositive motions have been filed and the deadline is passed. The parties' proposed Final Pretrial Order is due at least seven days before the combined Final Pretrial Conference/Trial Preparation Conference, and a Word version should also be emailed to Judge Crews' Chambers at crews_chambers@cod.uscourts.gov.

10. **OTHER SCHEDULING ISSUES**

a.        A statement of those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement: **None.**

b.        Anticipated length of trial and whether trial is to the court or jury. **No jury has been demanded; the Parties anticipate 5 days for the Trial or less.**

11. **AMENDMENTS TO SCHEDULING ORDER**

The Scheduling Order may be altered or amended only upon a showing of ***good cause***.

*****

DATED this 13th day of March, 2024 .

BY THE COURT:

  S/Michael E. Hegarty
Chief United States Magistrate Judge

8