IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 23-cv-02328-SKC-MEH

ASTRO COMPANIES, LLC,

    Plaintiff,

v.

WESTFAX INC,
DUCK DIVE COMMUNICATIONS LLC, d/b/a JBlast,
BARRY CLARK,
CHAD MATHESON, and
JOHN DOES 1-10,

    Defendants.

---

**JOINT PROTECTIVE ORDER**

---

THIS COURT, having considered the April 10, 2024 Stipulated Motion for a Protective Order ("Motion") filed by Plaintiff Astro Companies, LLC, and Defendants WestFax Inc., Duck Dive Communications LLC, d/b/a/ JBlast, Barry Clark, and Chad Matheson (collectively, the "Stipulating Parties"), and the Court being advised on the premises,

IT IS ORDERED that the Stipulating Parties' Motion is GRANTED and a Protective Order shall enter in this case and control confidential information designated hereunder by any Party to the case until further modified by the Court as follows:

**PROTECTIVE ORDER**

1.    As used in the Protective Order, these terms have the following meanings:

"**Attorneys**" means counsel of record;

1

"**Confidential Information**" means any Document and Information marked "Confidential" and may include, but are not limited to, those Documents and Information not available in the public domain that a party in good faith believes contain competitive or proprietary business information, including but not limited to, trade secrets, information protected by confidentiality or nondisclosure agreements, personal financial information, including but not limited to, tax returns, or other information of a sensitive nature about the party (or of another person which information the party is under a duty to maintain in confidence) and designated pursuant to paragraph 2;

"**Documents and Information**" shall have the broadest meaning given to that term, as provided in Fed. R. Civ. P. 34, and shall include, without limitation, originals and all non-identical copies of all written, printed, typed, stamped, impressed, photographic, phonographic, tape-recorded, computer-generated or computer-readable material, or other medium, of any kind whatsoever that are produced by a party or witness to this action;

"**Lawsuit**" means this action in the Colorado federal court for entitled *Astro Companies, LLC v. WestFax, Inc., et al.,* Case No. 1:23-cv-02328-SKC-MEH.

"**Written Assurance**" means an executed document in the form attached as Exhibit A.

2. A Party may designate any Documents and Information as "Confidential," to protect such information. A Party shall designate Documents and Information as Confidential by marking each page of such material with the legend "CONFIDENTIAL" or in the case of electronically stored information produced in native format, by including "CONFIDENTIAL" in the file or directory name, or by affixing the legend "CONFIDENTIAL" to the media containing the designated Documents and Information.

3. Without waiving any right to objections to authenticity or admissibility, the undersigned on behalf of themselves and their clients agree that all Confidential Information, along with the information contained in the Documents and Information, shall be used solely for the purpose of this Lawsuit and any appeals which may arise therefrom. Confidential Information and the information obtained from them shall be used solely for the purposes of this Lawsuit and any appeals which may arise therefrom, and no person receiving such Documents and Information shall, directly or indirectly, use, transfer, disclose, or communicate in any way Confidential Information or their contents to any person other than those specified in paragraph 4. Any other use is prohibited.

4. Access to any Confidential Information shall be limited to:

(a) the Court, and its staff;

(b) court reporters retained to transcribe testimony;

(c) undersigned counsel, their respective law firm staff, their respective parties, and counsel for such parties who have entered appearance on their behalf;

(d) witnesses, in accordance with the limitations described herein; and

(e) persons who are retained by a party or its Attorneys to provide assistance, or to furnish technical or expert services, in this action.

5. Third parties producing documents in the course of this action may also designate Documents as "Confidential," subject to the same protections and constraints as the parties to the action. A copy of this Protective Order shall be served along with any subpoena served in connection with this action. All Documents and Information produced by such third parties shall be treated as Confidential Information as if disclosed by a Party under this Protective Order.

6. Each person appropriately designated pursuant to paragraphs 4(e) or (f) to receive Confidential Information shall first execute a "Written Assurance" in the form attached as Exhibit A.

7. All portions of depositions taken in this action where Documents and Information marked Confidential are used may be designated "Confidential" and those portions of the deposition so designated shall thereby obtain the protections accorded other "Confidential" Documents and Information. Confidentiality designations for portions of depositions shall be made on the record during the course of the deposition. The deposition of any witness (or any portion of such deposition) that encompasses topics or Documents and Information which constitute Confidential Information shall be taken only in the presence of or taken from persons who are qualified to have access to such information, provided that this limitation shall not preclude the use of Confidential Information during the course of a deposition with persons under paragraph 4(b) with prior personal knowledge of such Documents and Information or who have signed Exhibit A.

8. Any Party under this Protective Order, or who has signed the Written Assurance attached as Exhibit A, who inadvertently fails to identify documents as "Confidential" shall, promptly upon discovery of its oversight, provide written notice of the error and substitute appropriately-designated documents. Any Party receiving such improperly-designated documents shall retrieve such documents from persons not entitled to receive those documents and, upon receipt of the substitute documents, shall return or destroy the improperly-designated documents.

9. If a party files a Document and Information containing Confidential Information with the Court, it shall do so in fashion that proscribes unauthorized persons from viewing the document. Prior to disclosure at a hearing or trial of Documents and Information designated

"Confidential," the Parties agree to negotiate, hold discussions in good faith, and confer with the Court at least one-week prior to a hearing or two-week prior to trial to determine how such Confidential Information will be handled at a public hearing or trial.

10. Any Party may request a change in the designation of any Documents and Information designated "Confidential." Any such Documents and Information shall be treated as it is originally designated until the change is completed. If the requested change in designation is not agreed to, the Party seeking the change may move the Court for appropriate relief, providing notice to any third party whose designation of produced documents as "Confidential" in the action may be affected. The Party asserting that the material is Confidential shall have the burden of proving that the Documents and Information in question is within the scope of protection. A refusal to change the designation of any Documents and Information designated "Confidential" after written request by the Party seeking the change shall entitle the requesting party to an award of fees and costs in the event the Court determines the Documents and Information should not have been so marked and the refusal to change the designation was not made pursuant to a good faith argument for the confidential designation.

11. Within sixty (60) days of the termination of this action, including any appeals, each Party shall return to the opposing party, or if unable to return, shall destroy all Documents and Information designated by the opposing party as "Confidential," and all copies of such Documents and Information, and shall destroy all extracts and/or data taken from such Documents and Information. Each Party shall provide a certification as to such return or destruction within the sixty (60) day period. However, Attorneys shall be entitled to retain a set of all Documents and Information and any Documents and Information filed with the Court and all correspondence

generated in connection with the action with appropriate safeguards employed to protect same from disclosure.

12. Any Party may apply to the Court for a modification of the Protective Order at any time for good cause shown following notice to all parties and an opportunity to be heard, and nothing in this Protective Order shall be construed to prevent a Party from seeking such further provisions enhancing or limiting confidentiality as may be appropriate.

13. The Parties acknowledge that there may be relevant Documents and Information that by their terms are subject to confidentiality clauses that would limit disclosure of the Documents and Information by further restricting disclosure beyond the limits of this Protective Order (for example, a settlement agreement providing for disclosure only to certain persons who would not be included all those in paragraph 4 above). By entry of this Protective Order, the Court extends any such limitations to include those persons identified in paragraph 4 above subject to prior execution of the attached Written Assurance. Any such Document and Information contemplated by this paragraph 13 shall be brought to the attention of the Court prior to use in any proceeding to limit any further exposure by appropriate means.

14. No action taken in accordance with the Protective Order shall be construed as a waiver of any claim or defense in the action or of any position as to discoverability or admissibility of evidence.

15. A party's right to use any Confidential Information at a hearing, trial, or other proceeding in this action shall be determined by the presiding Judge based on the Colorado Rules of Evidence and interpretative case law. The designation of Documents and Information as Confidential Information shall not otherwise affect the Court's determination as to whether it shall

be received into evidence; nor shall such designation constitute the authentication of such Documents and Information or a waiver of any right to challenge the relevance, confidentiality, authenticity, or admissibility of such Documents and Information.

16. The obligations imposed by the Protective Order shall remain in place through trial and survive the termination of this action.

DONE AND ORDERED this _____ day of _____ 2024.

BY THE COURT:

_____

# EXHIBIT A

# WRITTEN ASSURANCE TO PROTECTIVE ORDER

My full name is _____. I reside at _____ in the City of _____, County of _____, State of _____. My telephone number is _____.

I am currently employed by _____, located at _____, and my current job title is _____.

I have read and I understand the terms of the Protective Order dated _____, filed in Case No. 1:23-cv-02328. I agree to comply with and be bound by the provisions of the Protective Order. I understand that any violation of the Protective Order may subject me to sanctions by the Court.

I shall not divulge any documents, or copies of documents, designated "Confidential" obtained pursuant to such Protective Order, or the contents of such documents, to any person other than those specifically authorized by the Protective Order. I shall not copy or use such documents except for the purposes of this action and pursuant to the terms of the Protective Order.

As soon as practical, but no later than sixty (60) days after final termination of this action, I shall return to the attorney from whom I have received them, any documents in my possession designated "Confidential," and all copies, excerpts, summaries, notes, digests, abstracts, and indices relating to such documents. In the alternative, I shall destroy any such documents and provide certification of the same to the attorney from whom I have received them.

I submit myself to the jurisdiction of the Court for the purpose of enforcing or otherwise providing relief relating to the Protective Order.

Executed on: _____    _____
                            (Date)                          (Signature)