IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:23-cv-02328-SKC-MEH

ASTRO COMPANIES, LLC,

    Plaintiff,

v.

WESTFAX INC,
DUCK DIVE COMMUNICATIONS LLC d/b/a JBLAST,
BARRY CLARK
CHAD MATHESON, and
JOHN DOES 1-10,

    Defendants.

---

**DEFENDANT CHAD MATHESON'S MOTION TO DISMISS AND
INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

---

Defendant Chad Matheson, by and through counsel, moves the Court for an order dismissing the First Amended Complaint (Dkt. #13) pursuant to Fed.R.Civ.P. 12(b)(6), and in support, Mr. Matheson states as follows:

### INTRODUCTION

This is Astro's counsel's latest attempt to take aim at WestFax and its principles. But once again misses the mark. Astro, an online fax service, is not a consumer entitled to the statutory protections and private right of action offered by the Telephone Consumer Protection Act ("TCPA"). Simply put: Astro has no standing to bring these claims. Even if it did, Astro cannot state a claim against Mr. Matheson personally because he is not the sender of the faxes at issue, he is not a fax broadcaster, and he is not an officer, director, or shareholder of any of the alleged fax

1

broadcasters. For these reasons, and the additional reasons set forth herein, Astro's First Amended Complaint ("FAC") should be dismissed with prejudice.

## FACTUAL BACKGROUND

The Telephone Consumer Protection Act, 47 U.S.C. §227, *et. Seq.* ("TCPA") makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement …" 47 U.S.C. §227(b)(1)(C). The "sender" is "the person or entity on whose behalf a facsimile unsolicited advertisement is sent or whose goods or services are advertised or promoted in the unsolicited advertisement." 47 C.F.R. §64.1200(f)(10). While the "sender" of the unsolicited fax advertisement bears primary liability under the TCPA, many senders use fax broadcasters to transmit their advertisements. A fax broadcaster is defined as a "person or entity that transmits messages to telephone facsimile machines on behalf of [the sender] for a fee." 47 C.F.R. § 64.1200(f)(7). TCPA liability lies primarily with the party on whose behalf the fax is sent, but, in some cases, a facsimile broadcaster – the transmitter – can be vicariously liable for a sender's violation of the TCPA. A fax broadcaster may be found liable for a sender's TCPA violation "if it demonstrates a high degree of involvement in, or actual notice of, the unlawful activity and fails to take steps to prevent such facsimile transmissions." 47 C.F.R. § 64.1200 (a)(4)(vi).

With the TCPA's statutory framework as a guide, the facts of this case are as follows[1]: WestFax is a fax broadcaster that has been sending high-volume fax

---

[1] The factual allegations in Plaintiff's First Amended Complaint are not admitted and are only presented as "true" for purposes of this motion.

communications since 1999. (First Amended Complaint ("FAC"), ¶ 11). Astro is an online fax service provider; it provides online fax services to unnamed customers, also known as subscribers. (FAC ¶¶24-26). As an online fax service, Astro converts faxes for its subscribers into a readable format "which is then either attached to an email and forwarded to the recipients' computer via email or is made available on a portal (a server) maintained by [Astro] to be read by [Astro's] fax server subscriber/recipient and is available to be printed at the online fax service recipients' convenience." (FAC ¶ 22). Between January 28, 2021 and June 22, 2023 Coast Credit (the alleged sender of the faxes at issue in this case) contracted with WestFax and JBlast to send fax advertisements, 8,579 of which were sent to fax numbers registered to Astro's online fax service. (FAC ¶¶24-26, 77). Although none of Astro's subscribers received any of the Coast Credit faxes identified in the complaint (because the fax numbers are not assigned to any of Astro's customers) (FAC ¶30), these faxes allegedly "occupied Astro's fax lines, making them unavailable for legitimate business purposes." (FAC ¶79). Astro claims that the Coast Credit faxes violate the TCPA and ask this Court to hold WestFax liable for every single fax. (FAC ¶ 39).

Astro is also seeking to hold two individual defendants personally liable for Coast Credit and WestFax's alleged conduct: Barry Clark and Chad Matheson. Astro alleges that Mr. Matheson, an employee at WestFax, played a role in preparing a list of fax numbers for Coast Credit. (FAC ¶¶ 108, 175-188). According to the FAC, Mr. Clark, the owner of WestFax and Mr. Matheson's supervisor, directed Mr. Matheson to create a database of fax numbers for Coast Credit to use as targets in its fax

3

campaign. (FAC ¶¶ 107, 168, 173). The databases of fax numbers provided included Astro's fax numbers, which were used by Coast Credit to transmit the Coast Credit faxes (FAC ¶ 182).[2]

Astro claims it suffered "numerous concrete injuries" when WestFax, with the help of Mr. Clark and Mr. Matheson, sent the Coast Credit faxes "in violation of Plaintiff's statutory right not to be sent unsolicited fax advertisements." (FAC ¶34). Astro further alleges that because it owns the equipment used to receive the faxes at issue, bursts of junk faxes, such as the Coast Credit faxes, "fill all available telecommunications and information technology resources on Astro's network" for a period of time (FAC ¶¶ 27, 29). As a result, Astro claims the unsolicited fax advertisements violated Astro's right to privacy, were a nuisance, and interfered with interstate commerce. (FAC ¶35).

## ARGUMENT

### I. ASTRO LACKS STANDING TO ALLEGE VIOLATIONS OF THE TCPA.

#### A. Astro has no statutory standing to bring a claim under the TCPA because it is not within the zone of interest protected by the statute.

The purpose of the TCPA is to protect consumers and the recipients of telemarketing calls and faxes. In assessing "statutory standing," the Court must ask "whether the statute grants the plaintiff the cause of action that he asserts. In answering that question, [the Court] presume[s] that a statute ordinarily provides a

---

[2] It does not appear from the FACC that Astro seeks to hold Mr. Matheson liable for the Fax Police Ad. To the extent Astro seeks to hold Mr. Matheson liable for conduct other than that specifically alleged by Mr. Matheson in the FAC, Mr. Matheson reserves the right to address those facts and claims on reply.

cause of action 'only to plaintiffs whose interests fall within the zone of interests protected by the law invoked.'" *Bank of Am. Corp. v. City of Miami, Fla.*, 137 S. Ct. 1296, 1302 (2017) (quoting *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1386-88 (2014)). Here, Astro has no statutory standing to bring these claims under the TCPA because it is neither a consumer nor the intended audience of the faxes it complains of, and its interests fall outside of the zone of interests protected by the TCPA.

TCPA case law and guidance from the FCC is clear: it is the "intended recipient," or "audience" that has statutory standing to bring suit under the TCPA. *See e.g. Cellco Partn. v. Dealers Warranty, LLC*, No. CIV.A. 09-1814 FLW, 2010 WL 3946713, at \*9-10 (D.N.J. Oct. 5, 2010); *Leyse v. Bank of Am.,* No. 09–7654, 2010 WL 2382400, at \*4 (S.D.N.Y. June 14, 2010) (holding that only the intended recipient of a telemarketing call could pursue TCPA claim); *Kopff v. World Research Group, LLC*, 568 F.Supp.2d 39, 40–42 (D.D.C.2008) (wife did not have statutory standing under the TCPA where she was not intended recipient).

In 2015 WestFax, the same company that transmitted the faxes at issue here, sought clarification from the FCC on how efaxes would be treated under the TCPA. *In the Matter of WestFax, Inc. Pet. for Consideration and Clarification*, 30 F.C.C. Rcd. 8620 (F.C.C. 2015). Specifically, WestFax asked the FCC to clarify "whether the definition of a fax recipient under the rules applies when the recipient receives an efax." *Id.* at ¶5. In response, the Consumer and Governmental Affairs Bureau of the FCC issued a declaratory ruling in August 2015:

5

> We next clarify that it is **the consumer to whom the content of a fax or efax is directed that is the "recipient" under the TCPA**. WestFax asks whether the recipient is the company with the fax server that converts the fax into an email. The Commission's rules and orders make clear that the ""recipient" of a fax is the consumer for whom the fax's content is intended and to whom the fax's content is sent by dialing that consumer's fax number. **The TCPA and the Commission's rules are designed to protect consumers for whom unwanted faxes represent annoyance and wasted resources. Entities that convert faxes to email are not "recipients" of such faxes under the TCPA because they are not the intended audience for the fax.** Instead, based upon the description of WestFax's own FaxForward service, such entities provide a service to the recipient that requires them to become part of the communications pathway between the sender and the recipient. Thus, while they expect to be part of the fax communication, they are neither the intended recipient nor the ultimate recipient of the document sent as a fax any more than would be the telephone company providing a telephone line to a consumer's traditional fax machine.

*Id.* at ¶12 (internal citations omitted) (emphasis added).

Astro is an online fax service, the telecommunications intermediary that simply delivers faxes to its subscribers – the sought after audience and ultimate intended recipient. Astro was not the intended recipient of the faxes at issue. If Astro had standing to bring a claim under the TCPA so would every telephone provider, voicemail box server, and internet service provider. That cannot be the case and would lead to an absurd result.

*Cellco Partn. v. Wilcrest Health Care Mgt. Inc.,* No. CIV.A. 09-3534 MLC, 2012 WL 1638056 (D.N.J. May 8, 2012) is illustrative. There, Plaintiff Cellco Partnership (d/b/a Verizon Wireless and OnStar, LLC) ("Verizon") attempted to bring claims for TCPA violations against Wilcrest Health Care, a company that had placed robocalls to millions of Verizon's subscribers attempting to sell discount health care plans. *Id.* Verizon sought statutory damages under the TCPA in connection with calls made to

6

its subscribers. *Id.* at *3. Wilcrest moved to dismiss Verizon's complaint for lack of standing as the telecommunications provider, and not the intended recipient of the calls, and the Court agreed. *Id.* There, the Court held that to the extent Verizon was attempting to assert claims for TCPA violations on behalf of itself as a telecommunications provider, as opposed to on behalf of its subscribes, it did not fall within the zone of interests protected by the TCPA for purposes of standing and dismissed the case. *Id.* at *6, 10.

Just like Verizon, Astro is attempting to assert TCPA violations on its own behalf instead of on behalf of its online fax service subscribers and customers. Astro is the telecommunications provider, not the intended recipient of the faxes at issue, and does not fall within the zone of interests protected by the TCPA. As a result, Astro has no statutory standing to bring these claims and they must be dismissed with prejudice.

Additionally, the purpose and intent of the TCPA is inconsistent with maintenance of Astro's claims. An examination of the TCPA's legislative history exemplifies why Astro does not fall within the zone of interests protected by the statute. When the TCPA was introduced in the Senate, in support of its passage it was stated that the federal legislation was "essential" to "protect citizens from telephone calls that cross State boundaries." 137 Cong. Rec. S16204 (daily ed. Nov. 7, 1991). The TCPA's private cause of action would "make it easier for **consumers** to recover damages," allowing "**consumers** to bring an action … against any entity that violates the bill." *Id.* at S16205 (emphasis added). It was contemplated that such

7

claims would be brought "preferably in small claims court ... or a similar court" in order to "allow the **consumer** to appear before the court without an attorney." *Id.* (emphasis added). It was explained that the statutory damages set forth in the bill was "set to be fair to both the **consumer** and the telemarketer." *Id.* Congress's concern in passing the TCPA was for "[c]onsumers around the country," "citizens" for whom computerized telemarketing calls "wake us up in the morning; ... interrupt our dinner at night; ... force the sick and elderly out of bed; ... hound us until we want to rip the telephone right out of the wall." *Id.* at S16205.

The TCPA is a consumer protection statute and Astro is not a consumer or citizen recipient of robocalls, or in this case, junk faxes. Astro is *not* a subscriber of online fax services, but merely the owner of the equipment used to receive the faxes at issue (FAC ¶¶ 24, 27) and therefore does not fall into the zone of interests protected by the TCPA. *See e.g. J2 Glob. Commun., Inc. v. Protus IP Sols.,* No. CV 06-00566 DDP AJWX, 2010 WL 9446806, at *7 (C.D. Cal. Oct. 1, 2010) ("a facsimile machine does not have standing under the TCPA; rather, 'the recipient' has standing, 'the recipient' being the person to whom the unlawful phone call or unsolicited fax advertisement is directed.").

Consistent with Astro's lack of standing, Astro cannot plead any facts establishing lack of consent or lack of established business relationship by its subscribers – the applicable affirmative defense under the TCPA. Unsolicited advertisements sent to a telephone fax machine violate the TCPA **"unless – "**

> (i) The unsolicited advertisement is from a sender with an established business relationship… with the recipient; and

8

> (ii) the sender obtained the number of the telephone facsimile machine through –
> > (A) the voluntary communication of such number by the recipient directly to the sender, within the context of such established business relationship; or
> > (B) A directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution."

Astro cannot speak for its subscribers – the intended recipients of the faxes. *See j2 Global Commc'ns, Inc. v. Protus IP Solutions,* No. 06–566(DDP) (C.D.Cal.), dkt. entry no. 1267, 10–1–10 Order at 13–14 ("[T]he TCPA makes clear that 'the recipient' with standing to sue and 'the recipient' whose consent is relevant under the [Established Business Relationship] exception are one and the same"). We don't know if any of the intended recipients consented to receive the Coast Credit faxes and Astro has no personal knowledge of the same.

Astro also seeks millions of dollars of statutory damages based on allegations of thousands of faxes, without acknowledging that the only reason for this volume of faxes is due to the nature of their business, which is providing online fax services, rather than consuming them. As noted above, the TCPA anticipates damages on an *individual* basis in small claims court because the contemplated plaintiff is an individual natural person or business with a limited number of phone or fax lines on which it might receive calls or junk faxes. *See Cellco Partn.,* 2012 WL at *9. Finally, Astro's alleged damages are not the intrusion into personal privacy "sought to be redressed by Congress in enacting the TCPA, but rather are indirect, economic, and inherent to its business model." *Cellco Partn.* at *8; *see also U.S. Fax Law Center,*

9

*Inc. v. Ihire, Inc* 362 F. Supp. 2d 1248 (Colo. Dist. 2005) (TCPA is a claim based in tort for an invasion of privacy).

No amount of additional pleading or facts will cure Astro's lack of standing. The claims asserted by Astro should be dismissed with prejudice.

## II. ASTRO FAILS TO STATE A CLAIM FOR VIOLATION OF THE TCPA

### A. Legal Standard for dismissal pursuant to Federal Rule 12(b)(6)

In deciding a motion under Fed. R. Civ. P. 12(b)(6), the Court must "accept as true all well-pleaded factual allegations ... and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). The Court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A claim is plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In examining the facts, the Court must "ask whether there is 'plausibility in [the] complaint.'" *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009) (quoting *Twombly*, 550 U.S. at 564). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability

requirement,' but it asks more than a sheer possibility that a defendant has acted unlawfully." *Id.* Moreover, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

### B. Astro fails to state a claim for violation of the TCPA.

Plaintiffs allege Defendants liability is premised upon violation of TCPA section 227(b)(1)(C), which provides that "[i]t shall be unlawful for any person… to use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an advertisement, unless –" there is an existing business relationship between the sender and recipient, the sender has obtained the recipient's fax number through an acceptable method, and the sender provides certain notices on the fax transmission. See 47 U.S.C. § 227(b)(1)(C) (emphasis added); 47 C.F.R. § 64.1200(a)(4) (emphasis added). Thus, to state a TCPA claim, a plaintiff must allege each element required by the statute: (1) a person used a telephone facsimile machine, computer or other device to send; (2) to a telephone facsimile machine; (3) an unsolicited advertisement. Astro cannot satisfy the second element of the claim because unsolicited advertisements were not sent to "a telephone facsimile machine," but were rather sent to Astro, an online fax service.

### 1. Astro is an online fax service and did not receive faxes on a "telephone facsimile machine," an essential element of the claim.

In 2019 the FCC made a declaratory ruling that an online fax service, such as Astro, is not a "telephone facsimile machine" under the TCPA and made clear that a fax sent to an online fax service is not "an unsolicited facsimile advertisement"

11

prohibited by the TCPA. *In the Matter of Amerifactors Fin. Group, LLC*, 34 F.C.C. Rcd. 11950 (F.C.C. 2019). Specifically, the FCC's rule states that "an online fax service that effectively receives faxes 'sent as email over the Internet' and is not itself 'equipment which has the capacity ... to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper' is not a 'telephone facsimile machine' and thus falls outside the scope of the statutory prohibition."

Astro alleges that WestFax sent the faxes at issue to Astro – an online fax service. (FAC ¶ 25) Astro does not, and cannot allege, that the faxes at issue were sent to ***a telephone facsimile machine***. Nor does Astro allege, as it must to state a claim, that the faxes at issue were received on "equipment which has the capacity ... *to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper*." To the contrary, Astro's allegations are clear: it is an online fax service that converts faxes into a readable format "which is then either attached to an email and forwarded to the recipients' computer via email or is made available on a portal (a server) maintained by [Astro] to be read by [Astro's] fax server subscriber/recipient and is available to be printed at the online fax service recipients' convenience." (FAC ¶22). Astro does not plead that the equipment that was sent the faxes at issue transcribes anything onto paper.

Accordingly, the faxes sent to Astro were not sent to a telephone fax machine as required by TCPA. Astro has not plead any facts that allow the court to draw a reasonable inference that the Defendants sent faxes to a telephone fax machine. For

this reason alone, Astro has failed to state a claim for violation of the TCPA and its complaint must be dismissed with prejudice.

### 2. Chad Matheson Must be Dismissed.

Even if Astro can muster up enough factual allegations to state a claim on its own behalf for violation of the TCPA, it has failed to state a claim against Chad Matheson personally. "A facsimile broadcaster will be liable for violations of paragraph (a)(4) of the [TCPA]…if it demonstrates a high degree of involvement in, or actual notice of, the unlawful activity and fails to take steps to prevent such facsimile transmissions. Astro alleges that WestFax and JBlast provided "fax broadcasting services" to Coast Credit. (FAC ¶¶ 102-103). Astro also alleges that Mr. Matheson is a mere "employee" of WestFax. (FAC ¶ 108). Mr. Matheson is not a fax broadcaster, nor is he an owner, officer, or corporate agent of the alleged fax broadcasters in this case. As such, liability under the TCPA does not extend to him personally.

Notwithstanding, some courts have recognized that corporate officers, acting on behalf of a corporation, may be personally liable under the TCPA. *See Texas v. Am. Blastfax, Inc.*, 164 F. Supp. 2d 892, 898 (W.D. Tex. 2001). In analyzing cases, the Court found, consistent with "[t]he 'well-settled tort rule that 'when **corporate officers** directly participate in or authorize the commission of a wrongful act, even if the act is done on behalf of the corporation," they may be personally liable under the TCPA if they have direct, personal participation in, or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved."

13

*Id.* The Court reasoned that "[i]ndividuals who directly… violate the TCPA should not escape liability because they are **corporate officers**." *Id.* (emphasis added).

The cases stemming from *Texas v. American Blastfax* are clear and consistent: it is **corporate officers** that may be held liable. *Versteeg v. Bennett, Deloney & Noyes, P.C.*, D.Wyo.2011, 775 F. Supp. 2d 1316, 1321 (citing *Blastfax*) (individual liability appropriate over **an officer, director, and shareholder** who was directly involved in the company's wrongful debt collection practices); *j2 Global Comm., Inc. v. Blue Jay, Inc.*, 2009 WL 29905, at *8–9 (N.D. Cal. Jan. 5, 2009) (**company president** individually liable for fax advertising he authorized in violation of the TCPA).

The only case in this District that has addressed the issue of personal liability is *Wendell H. Stone Co., Inc v. Five Star Advert., LLC*, No. 19-CV-03157-PAB-STV, 2022 WL 4094067, at *4 (D. Colo. Sept. 7, 2022), and it was discussed in an order entered on plaintiffs' motion for default judgment where defendants had not even entered an appearance. Notwithstanding, and consistent with the prevailing case law on this issue, the Court specified that "**individual officers** of an entity violating the TCPA can be personally liable for their direct participation." *Id.* quoting *Doyle v. JTT Funding, Inc.*, 2019 WL 13037025, at *9 (C.D. Cal. Dec. 2, 2019). The uncontested complaint in *Wendell* alleged that the defendant's **sole member** had personal oversight and controlled the defendant's day-to-day operations and oversaw and controlled the problematic faxes and was directly involved in the transmission of the

14

faxes to plaintiff. *Id.* The Court found the allegations "sufficient" to establish personal liability under the TCPA.

Mr. Matheson is not an officer, director, shareholder, controlling member, or alleged to be in any oversight or agency position at WestFax. To the contrary, Astro alleges Mr. Matheson is an employee – a Systems Architect – at WestFax, who was supervised and directed by WestFax's owner, Barry Clark. (FAC ¶¶ 110, 168, 173-174). For these reasons, Mr. Matheson is improperly targeted in this action and the claim against him must be dismissed.

## CONCLUSION

**WHEREFORE** for the foregoing reasons, Chad Matheson respectfully requests the Court dismiss the action brought by Plaintiff and grant such other relief as may be just and proper.

Respectfully submitted this 18th day of April, 2024.

                                                  s/Jamie N. Cotter
                                       Jamie N. Cotter
                                       Spencer Fane LLP
                                       1700 Lincoln Street, Suite 2000
                                       Denver, CO 80203
                                       Phone: (303) 839-3826
                                       Email: jcotter@spencerfane.com

## **CERTIFICATE OF SERVICE**

  I hereby certify that on April 19, 2024, I caused the following documents to be filed electronically with the Clerk of Court through ECF, which generates service on all parties of record, including the following:

  Ross Good, ross@loftusandeisenberg.com
  *For Plaintiff*

  James Taravella, jtaravella@montgomerylittle.com
  *For Defendants WestFax, Inc.; Duck Dive Communications, LLC; and Barry Clark*

            s/ Jamie N. Cotter