IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 23-cv-02328-SKC-MEH

ASTRO COMPANIES, LLC,

    Plaintiff,

v.

WESTFAX INC,
DUCK DIVE COMMUNICATIONS LLC, d/b/a JBlast,
BARRY CLARK,
CHAD MATHESON, and
JOHN DOES 1-10,

    Defendants.

---

**DEFENDANTS BARRY CLARK'S, WESTFAX, INC.'S, AND DUCK DIVE COMMUNICATIONS, LLC'S MOTION TO STAY DISCOVERY PENDING RESOLUTION OF MOTIONS TO DISMISS**

---

COMES NOW, Defendant Barry Clark, an individual ("Mr. Clark"), Defendant Westfax, Inc. ("Westfax"), and Defendant Duck Dive Communications, LLC d/b/a ("JBlast") (Mr. Clark, Westfax, and JBlast, collectively, "Westfax Defendants"), by and through their counsel Montgomery Little & Soran, PC, and hereby respectfully submit this Motion to Stay Discovery pending resolution of the Westfax Defendants' outstanding Motions to Dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and 12(b)(6) (Dkt. Nos. 37-39, "Motions to Dismiss"). In support thereof, the Westfax Defendants state as follows (this "Motion"):

**Certificate of Conferral**

Pursuant to D.C.LCivR. 7.1, counsel for the Westfax Defendants conferred with counsel for Plaintiff Astro Companies, LLC ("Astro") and Defendant Chad Matheson ("Mr. Matheson") regarding the relief requested herein. Mr. Matheson does not oppose this Motion, but Astro does.

1

**Motion**

A.  **Background and Procedural History**

In its First Amended Complaint filed on December 21, 2023 (Dkt. No. 10, "FAC"), Astro alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. §227, *et. seq.* ("TCPA") concerning approximately 8,580 unverified faxes. The Westfax Defendants submitted their Motions to Dismiss on March 12, 2024, and submitted their combined reply in support of their Motions to Dismiss on April 19, 2024 (Dkt. No. 55). The Westfax Defendants have moved to dismiss the Amended Complaint in part because (1) this Court has no personal jurisdiction over Mr. Clark or JBlast, (2) no sender is identified or served in this case, thus a fax broadcaster (i.e., Westfax and JBlast) cannot be held liable under the TCPA, (3) the TCPA does not provide for Mr. Clark to be held personally liable, and (4) Astro is not a plaintiff who would have standing to bring claims under the TCPA. Briefing on this matter has now concluded, but a ruling has not been made as of the date of this Motion.

Mr. Matheson submitted his Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) on April 18, 2024 (Dkt. No. 54), and Astro has submitted its response thereto on May 8, 2024 (Dkt. No. 57). Briefing has not yet concluded on Mr. Matheson's motion to dismiss.

Pursuant to the March 13, 2024 Scheduling Order (Dkt. No. 41), the discovery deadline is currently set for December 31, 2024, with expert disclosures due September 9, 2024 and dispositive motions due January 15, 2025. In the deposition schedule provided in ¶8(e) of the Scheduling Order, Astro sets forth a contemplated minimum of eight (8) depositions. The Westfax Defendants have been served discovery requests as of April 30, 2024. The Westfax Defendants now file this Motion to temporarily stay discovery in this matter.

2

B. **Legal Analysis**

The Federal Rules of Civil Procedure do not explicitly provide for a stay of proceedings before this Court. *See String Cheese Incident, LLC v. Stylus Shows, Inc.,* 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006). However, Rule 26 provides that "[a] party or any person from whom discovery is sought may move for a protective order," and the court may, "for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). A court's power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936) (citing *Kan. City S. Ry. Co. v. U.S.,* 282 U.S. 760, 763 (1931)).

A determination on whether to stay discovery in a proceeding is a matter left to the discretion of the court. *Wang v. Hsu,* 919 F.2d 130, 130 (10th Cir. 1990). In determining whether to grant a stay request, the court weighs various factors including (i) whether defendants are likely to prevail in the action, (ii) whether defendants will suffer irreparable harm, (iii) whether the stay will cause substantial harm to other parties to the proceeding, and (iv) what public interests will be affected by the stay. *United Steelworkers of Am. v. Or. Steel Mills, Inc.,* 322 F.3d 1222, 1227 (10th Cir. 2003).

The court may consider additional factors including plaintiff's interest in proceeding expeditiously in the civil action, any potential prejudice to plaintiff from delay, the convenience to the court, and the burden on defendants ("String Cheese Factors"). *String Cheese,* 2006 WL 894955, at *2 (citing *FDIC v. Renda,* No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)). A stay of discovery may be appropriate pending the resolution of a motion dismiss for

jurisdictional issues. *Clarendon Nat'l Ins. Co. v. Glickauf,* No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019).

C. **Argument**

Discovery in this matter should be stayed pending the resolution of motions to dismiss before the Court. Discovery in this matter has the potential to be extremely expensive considering not only the number of depositions, but also the fact that there are nearly 8,600 faxes which currently have no identifying information tying the faxes to the Westfax Defendants. Damages and liability under the TCPA is determined in part by the exact number of faxes are able to be proven to be applicable to this case. Here, that means *each and every* one of the nearly 8,600 faxes will need to be authenticated and information will need to be discovered to determine the sender (who is not currently named), the intended recipient (which appears to not be Astro), and through which fax broadcaster(s) *each and every* fax was sent, whether it be Westfax, JBlast, or some third party.

The Westfax Defendants have raised personal jurisdiction issues before the Court. Discovery is unavailable to Astro against defendants which this court lacks personal jurisdiction over. *See Elec. Payment Sys., LLC v. Elec. Payment Sols. of Am., Inc.*, No. 14-cv-02624-WYD-MEH, 2015 WL 3940615, at *2 (D. Colo. June 25, 2015) ("Courts have recognized that a stay is warranted while the issue of jurisdiction is being resolved."). Furthermore, the Motions to Dismiss raise the prospect of fatal flaws in the FAC which otherwise could lead to dismissal of this case.

An analysis of the *String Cheese* Factors show that a stay is warranted in this case. While it is in Atro's interest to dispose of its claim in an expeditious manner, this must also be weighed against the burden wrought on the Westfax Defendants. A stay of discovery pending the resolution of a motion to dismiss does not prevent this case from moving forward *if* the Court finds that the

Westfax Defendants are not entitled to be dismissed from this case. Further, there is no ongoing alleged harm to Astro, so a stay in this case does not cause further damages to Astro.

However, conducting discovery, especially discovery as extensive as that which is anticipated to occur in this case, places a huge financial burden on the Westfax Defendants where resolution of the Motions to Dismiss might fully dispose of this case or otherwise simplify this case by dismissing certain defendants or claims—meaning time and money would have been wasted to the detriment of the Westfax Defendants. *See Zimmerman v. CIT Grp., Inc.,* No. 08-cv-00246-ZLW-KLM, 2008 WL 1818445, at *1 (D. Colo. Apr. 21, 2008) ("Neither [the court's] nor the parties' time is well-served by being involved in the 'struggle over the substance of the suit' when, as here, a dispositive motion involving jurisdiction is pending."); *see also* 8A Wright & Miller, et. al., Fed. Prac. & Proc. § 2040 (3d ed. 2021) (discussing that a court might find it wise to stay discovery on the merits of a case until challenges to jurisdiction are otherwise resolved); *Strom v. Weiser*, No. 20-cv-03417-KLM, 2021 WL 5561724, at *3 (D. Colo. Feb. 18, 2021) (the burden on a defendant in "proceeding in litigation during the pendency of jurisdictional…issues is well-observed by the federal courts."); *Alexander v. Foegen,* No. 10-cv-01993-LTB-MEH, 2011 WL 683813, at *1 (D. Colo. Feb. 17, 2011).

Additionally, courts have an interest in keeping their dockets predictable and manageable. (*Arocho v. Nafzinger,* No. 07-cv-02603-REB-KLM, 2008 WL 5101701, at *1 (D. Colo. Dec. 1, 2008). But, the pending Motions to Dismiss may resolve this case in its entirety, thereby conserving judicial resources in the long run. *Strom,* 2021 WL 5561724, at *3.

Finally, there are no interests of non-parties identified in this case, nor is there a public interest involved in this case as it is a private action brought by a private company for alleged harm

that occurred solely to that private company. *See Minter v. City of Aurora,* No. 20-cv-02172-RM-NYW, 2021 WL 735910, at *9 (D. Colo. Feb. 25, 2021).

In summary, granting a stay of discovery is appropriate in this matter considering the size, expense, and requisite burden the anticipated discovery will place on the Westfax Defendants when the pending Motions to Dismiss, which are partially based on an issue of jurisdiction, could fully resolve the matter before the Court beforehand.

## Conclusion

WHEREFORE, for the foregoing reasons, Barry Clark, individually, Westfax, Inc., and Duck Dive Communications, LLC d/b/a JBlast, respectfully requests that this Court stay discovery pending resolution on the Motions to Dismiss, and grant such other relief as may be just and proper. Further, the Westfax Defendants request that if the stay on discovery is lifted at some time in the future, that the outstanding discovery deadlines be modified in proportion to the date that any stay on discovery, if so ordered, is lifted.

Dated: May 9, 2024.

Respectfully submitted,

MONTGOMERY LITTLE & SORAN, PC

*s/ James C. Taravella*
Nathan G. Osborn, #38951
Alyson S. Evett, #52400
James C. Taravella, #55179
5445 DTC Parkway, Suite 800
Greenwood Village, Colorado 80111
E-mail:  nosborn@montgomerylittle.com
  aevett@montgomerylittle.com
  jtaravella@montgomerylittle.com

**Attorneys for Defendants Westfax INC, Duck Dive Communications LLC, d/b/a JBlast, and Barry Clark**

6

## CERTIFICATE OF SERVICE

   I hereby certify that on May 9, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

LOFTUS & EISENBERG, LTD.
Ross M. Good, Esq.
161 N. Clark, Suite 1600
Chicago, IL 60601
direct: (786) 539-3952
ross@loftusandeisenberg.com
***Attorney for Plaintiff Astro Companies, LLC***

SPENCER FANE, LLP.
Jamie N. Cotter, Esq.
1700 Lincoln Street, Suite 2000
Denver, CO 80203
direct: (303) 839-3826
jcotter@spencerfane.com
***Attorney for Chad Matheson***

                  *s/ James C. Taravella*
                  James C. Taravella, Attorney