**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1: 23-cv-02328-SKC-MEH

ASTRO COMPANIES, LLC,

      Plaintiff,

v.

WESTFAX INC,
DUCK DIVE COMMUNICATIONS LLC, d/b/a JBlast,
BARRY CLARK,
CHAD MATHESON, and
JOHN DOES 1-10,

      Defendants.

_____

**DEFENDANT CHAD MATHESON'S JOINDER IN WESTFAX**
**DEFENDANTS' MOTION TO STAY DISCOVERY PENDING RESOLUTION**
**OF MOTIONS TO DISMISS**
_____

Defendant Chad Matheson ("Mr. Matheson") hereby joins in the Westfax Defendants' Motion to Stay Discovery Pending Resolution of Motions to Dismiss ("Motion to Stay") (Dkt. 58, 59) filed on May 9, 2024. Mr. Matheson incorporates the entirety of the Westfax Defendants' Motion to Stay as if fully set forth herein. Mr. Matheson believes discovery should be stayed as to him, personally, as well.

**Background and Procedural History**

Mr. Matheson was served with Plaintiff's First Amended Complaint on March 7, 2024. Mr. Matheson filed a motion to dismiss on April 18, 2024, and has moved to dismiss the First Amended Complaint in part because: (1) Plaintiff has no statutory

1

standing to state a claim under the TCPA; (2) Plaintiff has failed to aver the facts necessary to state a claim for violation of the TCPA; and  Mr. Matheson cannot be held personally liable because he is not a fax broadcaster, nor is he an owner, officer, or corporate agent of the fax broadcaster. Plaintiff filed its response to Mr. Matheson's motion to dismiss on May 8, 2024. Mr. Matheson's reply in support of his Motion to Dismiss is due May 22, 2024. It is worth noting that Mr. Matheson was not served until *after* the March 13, 2024 Scheduling Order (Dkt. No. 41) was entered and thus had no input or control over the dates proposed for this matter's schedule. Mr. Matheson has been served discovery requests and Plaintiff has requested to schedule his deposition next month.

## Argument

Discovery as to at least Mr. Matheson should be stayed pending the resolution of his motion to dismiss before the Court. As the Westfax Defendants note in the Motion to Stay, discovery in this case will be costly because each of the 8,600 alleged faxes must be authenticated, and tied to, the Defendants.

Mr. Matheson has also raised a meritorious statutory standing argument before the Court that will likely dispose of this matter in its entirety. Moreover, in no event can Mr. Matheson have any personal liability under the TCPA, and as such, will at least prevail in his motion to dismiss as to himself personally. Mr. Matheson, an independent contractor (and not a sender, principal of sender, or fax broadcaster), and as such cannot be held personally liable for a TCPA violation under any theory advanced by Plaintiff. *See* Matheson's Motion to Dismiss (Dkt. 54, 13-16).

2

Additionally, the financial burden of litigation and costs to engage in discovery placed upon an individual such as Mr. Matheson is far more impactful than for a large company. A short stay of fact discovery, while the motions to dismiss are pending, will not cause any substantial harm or prejudice to Plaintiff, nor will any harm be caused to the public interest if discovery is stayed. The time and financial burden placed upon Mr. Matheson to engage in discovery, potentially unnecessarily, undoubtedly outweighs any burden a short delay may cause to Plaintiff.

### Conclusion

WHEREFORE, for the foregoing reasons, Chad Matheson respectfully requests that this Court stay discovery pending resolution on the Motions to Dismiss and grant such other relief as may be just and proper.

Respectfully submitted this 9th day of May, 2024.

*s/ Jamie N. Cotter*
Jamie N. Cotter
Spencer Fane LLP
1700 Lincoln Street, Suite 2000
Denver, CO 80203
Phone:  (303) 839-3826
Email:  jcotter@spencerfane.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 9, 2024, I caused the following documents to be filed electronically with the Clerk of Court through ECF, which generates service on all parties of record, including the following:

Ross Good, ross@loftusandeisenberg.com
*For Plaintiff*

James Taravella, jtaravella@montgomerylittle.com
*For Defendants Westfax, Inc.; Duck Dive Communications, LLC; and Barry Clark*

s/ Jamie N. Cotter