IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02328-SKC-MEH

ASTRO COMPANIES, LLC,

    Plaintiff,

    v.

WESTFAX, INC,
DUCK DIVE COMMUNICATIONS LLC d/b/a JBlast,
BARRY CLARK,
CHAD MATHESON, and
JOHN DOES 1-10

    Defendants.

## ASTRO COMPANIES, LLC'S RESPONSE TO DEFENTANTS' MOTION TO STAY

COMES NOW, Plaintiff ASTRO COMPANIES, LLC. ("Plaintiff" or "Astro"), by and through its undersigned counsel, and hereby respectfully requests this Court deny the Motion to Stay[1] filed by WESTFAX, INC ("WestFax"), DUCK DIVE COMMUNICATIONS LLC d/b/a JBlast ("JBlast"), BARRY CLARK ("Clark") (collectively "WestFax Defendants") and Chad Matheson ("Matheson"). (Doc. 58, 60). In opposition to said Motion, Plaintiff states as follows:

I.   INTRODUCTION

Plaintiff seeks to arrest and punish Defendants for their ongoing illegal conduct being executed in Colorado. Defendants are potentially liable for statutory damages totaling millions of dollars.

On January 2, 2024, and March 5, 2024, Counsel for Plaintiffs and WestFax Defendants met and conferred regarding the Proposed Scheduling Order. (Doc. 33). This Court entered the Scheduling Order on March 13, 2024. (Doc. 41, "Scheduling Order").  One day prior, on March 12, 2024, WestFax Defendants filed their 3 Motions to Dismiss, all of which are fully briefed and awaiting a ruling from the Court. (Doc. 38-40, 44, 55).[2] The Scheduling Order stated in part that "The Parties anticipate serving Interrogatories on or about April 30, 2024 and responding to Interrogatories within 30 days." (Scheduling Order at 6).  The scheduling order was agreed to and entered after the Motions to Dismiss were on

---

[1] Defendant Matheson's Motion is a Joinder to the Motion to Stay filed by WestFax Defendants. This Response addresses both.

[2] Defendant Matheson filed a Motion to Dismiss on April 18, 2024, which has been responded to and has a deadline for Matheson's Reply of May 21, 2024. (Doc. 54, 58).

1

file. Obviously, nothing has materially changed after the agreement and order.

On April 15, 2024, this Court entered the Parties' Joint Protective Order governing disclosure of confidential information during discovery pursuant to the Scheduling Order. (Doc. 53). Again, this Order governing discovery was agreed to and entered after the motion to dismiss were filed and nothing has materially changed since. Pursuant to the Scheduling Order, Plaintiff served written discovery on WestFax Defendants on April 30, 2024 and is in the process of seeking to depose witnesses identified on the Scheduling Order. (Scheduling Order at 6). Defendants now move for an order from this Court staying all discovery.

## II.   LEGAL STANDARD

A district court has discretion to issue a stay, but "[t]he proponent of a stay bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997). "[T]he burden of making out the justice and wisdom" of the stay rests "heavily" on the movant. *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936). In addition, "if there is even a fair possibility that the stay for which he prays will work damage to someone else," then the movant faces a heightened burden to "make out a clear case of hardship or inequity in being required to go forward" with the case. *Id.* at 255. "'[B]eing required to defend a suit, without more, does not constitute a clear case of hardship or inequity' for purposes of a stay." *Cambria Capital, LLC v. Fusaro*, 2022 U.S. Dist. LEXIS 11534, at *6 n.24 (D. Utah Jan. 21, 2022) (quoting *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1112 (9th Cir. 2005)).

"The Scheduling Order may be altered or amended only upon a showing of **good cause**." (Scheduling Order at 8) (Emphasis in original). "The District of Colorado generally

2

disfavors motions to stay discovery. However, the Court will consider such motions on a case-by-case basis." (Uniform Civil Practice Standards for Magistrate Judges at 11). This Court has stated "good cause **may exist** to stay discovery if a dispositive motion has been filed that could resolve the case and a stay does not unduly prejudice the opposing party." *Peterson v. O'Neal*, Civil Action No. 22-cv-02773-RMR-MEH, 2023 U.S. Dist. LEXIS 24974, at *2 (D. Colo. Feb. 14, 2023) (Emphasis Added). Regardless of whether this could constitute good cause, this purported cause existed prior to agreeing to the scheduling order and protective order and was waived by Defendants.

Defendants have not met their burden of demonstrating good cause. Moreover, Plaintiff faces unnecessary prejudice every day that discovery is not being turned over by Defendants.

### III.   ARGUMENT

Plaintiff's First Amended Complaint repeatedly alleges WestFax Defendants destroying evidence relevant to this matter immediately upon becoming aware of this case. (Doc. 10, "FAC" ¶¶ 93-95, 131-132, 155-156).

Plaintiff seeks to determine how the Defendants came into possession of Plaintiff's fax numbers; this is necessary to determining whether there was prior express invitation or permission[3] for the faxes at issue to be sent to Plaintiff. Plaintiff alleges no prior express invitation or permission was provided. (FAC ¶¶ 41, 45, 99). Plaintiff also intends to obtain

---

[3] "Prior express invitation or permission" is the most common affirmative defense used in TCPA actions such as this. 47 U.S.C. § 227(a)(4)(A).

3

discovery regarding Defendants' practices, policies, written correspondence, and complaints to demonstrate that Defendants had a high degree of involvement or actual notice[4] at the time the faxes at issue were sent. (FAC ¶¶ 71, 74, 75, 76, 116, 123, 128, 140, 147, 152). Plaintiff also intends to document that the faxes at issue are within the statutory definition. 47 U.S.C. § 227(b)(1)(C). Finally, Plaintiff needs to authenticate documents.

As discussed above, in another matter, this Court granted a Stay in prior to entry of a Scheduling Conference. *Peterson* at \*5. Unlike in *Peterson,* this Court previously said "The Court does not find good cause to reset the Scheduling Conference" on February 28, 2024. (Doc. 32). Now Defendants want another bite at the apple and have failed to demonstrate good cause as required by the Scheduling Order entered by this Court. (Scheduling Order at 8). It is Plaintiff's intention to adhere to the deadlines agreed to and set in the Scheduling Order.

WestFax has a demonstrated history of manipulation of discovery in this District. For example, in a case where WestFax was a third-party subpoena recipient that failed to respond for at least 2.5 months, where that plaintiff did not dispute after that time passed, "WestFax's representation that there are no transmission reports specific to" that case, that court determined that "WestFax is not required to create a non-existent document by mining its own data." *Craftwood II, Inc. v. Wurth Louis & Company*, 1:17-mc-00198-MSK-NYW, Doc. 28 at 7-9 (citing *Georgacarakos v. Wiley*, Civil Action No. 07-cv-01712-MSK-

---

[4] Defendants will be held liable if Plaintiffs demonstrates they had "a high degree of involvement in, or actual notice of, the unlawful activity." 47 C.F.R. § 64.1200(a)(4)(vi)

4

MEH, 2009 U.S. Dist. LEXIS 34379, at *5 (D. Colo. Apr. 3, 2009)). Merely reminding Defendants of an ongoing obligation to preserve records is insufficient if they have already attempted to destroy them.

Defendant Matheson has already said the quiet part out loud: "discovery in this case will be costly because each of the 8,600 alleged faxes must be authenticated, and tied to, the Defendants." (Doc. 60 at 2). Moreover, William Hayes, was previously counsel for Defendant WestFax in this matter. (Doc. 9, 35). William Hayes prepared a "Status Update" on behalf of Defendant WestFax in another matter where WestFax was a third party in which he represented that "after the broadcast is complete and the report and invoice are sent to the customer[,] **WestFax deletes all the faxing records**." *America's Health v. Alcon Laboratories, Inc.*, No. 16 CV 4539, Doc. 133 at 2 (N.D. Ill. Jan. 26, 2018) (Emphasis added). Prior to Defendants receiving notice of this lawsuit, Coast Credit had access to the faxing records at issue in this case; since Defendants received notice of this lawsuit Coast Credit's access to the faxing records at issue in this case has been removed due to Defendants' "delet[ing] all the faxing records." (FAC ¶¶ 93-95, 131-132, 155-156).

A court succinctly explained that a policy of "Send the fax but be sure to destroy all evidence of to whom you sent it" was not an acceptable method of evading responsibility for TCPA violations. *Vandenberg & Sons Furniture, Inc. v. Alliance Funding Group*, 2021 U.S. Dist. LEXIS 11970, at *14 (W.D. Mich. Jan. 22, 2021). It should come as no surprise that the third party fax broadcaster in that matter was Defendant WestFax. *Id.* at 18. Simply put, it is in Defendants' interest for Plaintiff to be unable to tie the faxes at issue to Defendants.

5

The stay sought is in furtherance of Defendants' interests.

In the event that records relevant to this matter have been destroyed already or would be destroyed during a Stay, Plaintiff will seek to image servers, computers, smartphones and other devices as soon as practicable. "To get the most out of forensic investigation, it is important to examine the devices at issue as soon as possible or to disallow use of the devices until the imaging can be completed. Unallocated space can be overwritten quickly when files are deleted, which then makes forensic analysis futile." *Ainstein AI, Inc. v. ADAC Plastics, Inc.*, 2023 U.S. Dist. LEXIS 88484, at *9 (D. Kan. May 19, 2023). Delaying discovery in this matter threatens to cause irreparable harm to Plaintiff.

In a TCPA case not involving the instant Defendants, a court granted a defendant's request for a stay with promises similar to those made here. After the stay was lifted, discovery commenced and that fax broadcaster, Odyssey, lost the records during the stay leading the court to deny the relief sought by Plaintiff. *Physicians Healthsource, Inc. v. Masimo Corp.*, 2019 U.S. Dist. LEXIS 228607, at *28 (C.D. Cal. Nov. 21, 2019) (that court reasoned that "[plaintiff's expert] could not reliably testify as to how many successful faxes were likely to have been sent" without the records). Again, there is no reason for Plaintiff to risk the loss of relevant records that could be lost during the stay sought by Defendants.

WestFax Defendants allege "the Motions to Dismiss raise the prospect of fatal flaws in the FAC which otherwise could lead to dismissal of this case." (Doc. 58 at 4). Defendants fail to explain why they waited from the entry of the Scheduling Order on March 13, 2024 until May 9, 2024, to request this stay; the only plausible reason is that they wanted to

review Plaintiff's written discovery requests which were served on April 30, 2024. In a ruling on defendants' motion to stay in another matter, Magistrate Judge Shaffer cited to Chief Justice Roberts' remarks that "judges who are knowledgeable, actively engaged, and accessible . . . can identify the critical issues, determine the appropriate breadth of discovery, and curtail dilatory tactics, **gamesmanship**, and procedural posturing." *Dahn v. Adoption Alliance*, 2016 U.S. Dist. LEXIS 202260, at *19-20 (D. Colo. May 12, 2016) (emphasis added) (internal quotation omitted). Waiting two months for Plaintiff to serve written discovery requests prior to seeking a stay is clearly gamesmanship.

The public interest if discovery is stayed is substantial. Though Defendants appear to have stopped sending Coast Credit faxes nationwide, Defendants' continue to operate "possibly the largest junk fax operation in the United States." (FAC ¶ 13). Plaintiff is not the only one impacted by Defendants' conduct. Delay in this matter harms the public who will never be able to recover based on Defendant WestFax's documented history of failure to retain records.

### IV.     CONCLUSION

WHEREFORE, Plaintiff respectfully requests the Court Deny the Defendants' Motion to Stay (Doc. 58, 60), and such other relief this Court deems appropriate under the circumstances.

Respectfully submitted,

/s/Ross M. Good_____
Ross M. Good, Esq.
Loftus & Eisenberg, Ltd.
161 N. Clark, Suite 1600
Chicago, Illinois 60601
direct: (786) 539-3952
ross@loftusandeisenberg.com
**Attorney for Plaintiff ASTRO COMPANIES, LLC.**

Dated: May 14, 2024

8

## CERTIFICATE OF SERVICE

I hereby certify that on May 14, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

/s/ Ross M. Good