IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1: 23-cv-02328-SKC-MEH

ASTRO COMPANIES, LLC,

    Plaintiff,

v.

WESTFAX INC,
DUCK DIVE COMMUNICATIONS LLC, d/b/a JBlast,
BARRY CLARK,
CHAD MATHESON, and
JOHN DOES 1-10,

    Defendants.

---

**DEFENDANTS' JOINT RESPONSE TO PLAINTIFF'S MOTION TO RECONSIDER ORDER DISMISSING WITH PREJUDICE AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT**

---

COMES NOW, Defendant Barry Clark, an individual ("Mr. Clark"), Defendant WestFax, Inc. ("WestFax"), and Defendant Duck Dive Communications, LLC d/b/a JBlast ("JBlast") (Mr. Clark, WestFax, and JBlast, collectively, "WestFax Defendants"), by and through their counsel Montgomery Little & Soran, PC, and Defendant Chad Matheson ("Mr. Matheson"), by and through his counsel Spencer Fane, LLP, and hereby jointly submit this Response to Plaintiff Astro Companies, LLC's ("Astro") Motion to Reconsider Order Dismissing With Prejudice and Incorporated Memorandum of Law in Support (ECF 72, the "Motion to Reconsider").

**Joint Response**

### A. Introduction

Astro, through its First Amended Complaint filed December 21, 2023 (ECF 10, "Amended

1

Complaint"), alleged violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* ("TCPA") by each of the WestFax Defendants and Mr. Matheson (collectively, the "Defendants"). The Defendants both filed motions seeking to dismiss the Amended Complaint (the "Motions to Dismiss"). This Court, in its Order Regarding Motions to Dismiss issued February 12, 2025 (ECF 70, "Dismissal Order"), granted Defendants motions and dismissed the Amended Complaint in its entirety, with prejudice, holding that Astro was not entitled to protection under the TCPA because it is an online fax service. *See*, ECF 70, pp. 5 (citing 47 U.S.C. § 227(b)(1)(C)).

In its Motion to Reconsider, Astro argues the Court's Dismissal Order is defective because it relies on a "declaratory ruling, issued by an inferior bureau of the FCC…that was neither reviewable nor entitled to deference." ECF 72, p. 2. The Motion to Reconsider seems to argue further that this Court has no power to interpret the statutes' definition of "telephone facsimile machine" (ECF 70, p. 1), stating that "district courts do not have jurisdiction to rule on this issue as the FCC has issued "final orders" interpreting the [relevant] statutory authority." ECF 72, p. 4.

For the reasons set forth herein, the Motion to Reconsider should be denied because the Dismissal Order was grounded in well-interpreted law and, further, the Motion to Reconsider provides no evidence or legal authority that would change this court's analysis set forth in the Dismissal Order. To save the Court and the Parties time on duplicative filings, the Defendants file this joint response. If the Court desires separate briefs, Defendants request that the Court grant leave to comply with such a request.

B. **Standard of Review**

For this Court to reconsider a prior ruling, Astro must offer evidence that (1) an intervening change in the controlling law occurred, (2) there was discovery of new evidence that was

2

previously unavailable, or (3) that there has been a clear error or manifest injustice. *See Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is not appropriate when based on "new argument, or supporting facts which were available at the time of the original motion." *Id.* The evidence presented must cause the Court to question its prior decision in such a way as to leave the Court "with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.,* 847 F.2d 1458, 1464 (10th Cir. 1988).

**C. Argument**

(1) <u>The Court Correctly Determined that Astro's Service Is Not the Type Afforded Protection under the TCPA</u>.

The Court's Dismissal Order turns on the definition of "telephone facsimile machine" and whether such definition extends to an online fax service like Astro. The TCPA defines the term "telephone facsimile machine" as any "equipment which has the capacity (A) to transcribe text or images, or both, from paper into an electronic signal and to transmit that signal over a regular telephone line, or (B) to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper." 47 U.S.C. § 227(a)(3); 47 C.F.R. § 64.1200(f)(14)). In interpreting the TCPA's definition of telephone facsimile machine, this Court adopted the decision in *Amerifactors*, which held that an online fax service "falls outside the scope of the [TCPA's] statutory prohibition" because it is not a "telephone facsimile machine" within the meaning of the statute. *See Career Counseling, Inc. v. Amerifactors Fin. Grp., LLC* 91 F.4th 202, 209 (4th Cir. 2024); *see also In re Amerifactors Fin. Group, LLC Pet. For Expedited Declaratory Ruling,* 34 F.C.C.R. 11950, 11950-51, 2019 FCC LEXIS 3608, 2019 WL 6712128 (Dec. 9, 2019).

Orders issued by bureaus on authority delegated by the U.S. Federal Communications Commission ("<u>Commission</u>") have the same force and effect as orders issued by the full Commission itself. Orders issued on this delegated authority are "effective upon release." *See True*

3

*Health Chiropractic, Inc. v. McKesson Corp.,* 22-15710, 2023 WL 7015279, at *2 (9th Cir. Oct. 25, 2023), cert. granted sub nom. *McLaughlin Chiropractic Assoc., Inc. v. McKesson Corp.,* 145 S. Ct. 116 (2024). It does not matter that the *Amerifactors* decision was rendered by the Commission's Consumer and Governmental Affairs Bureau ("Bureau"). Congress authorized the Commission to "delegate any of its functions." 47 U.S.C. § 155(c)(1). Pursuant to this authorization, the Commission has delegated to the Bureau the authority to issue declaratory rulings in "matters pertaining to consumers and governmental affairs." 47 C.F.R. § 0.141; *see also* 47 C.F.R. §§ 0.204, 0.361, and 1.2. Importantly, the declaratory orders issued by the Bureau—including the *Amerifactors* decision—"have the same force and effect" as orders issued by the full Commission. 47 U.S.C. § 155(c)(3).

Furthermore, the *Amerifactors* decision is a "final order" pursuant to the Hobbs Act. Orders of the Commission are considered final "if they impose an obligation, deny a right, or fix some legal relationship as a consummation of the administrative process." *U.S. W. Commc'ns, Inc. v. Hamilton,* 224 F.3d 1049, 1054 (9th Cir. 2000) (quoting *Sierra Club v. U.S. Nuclear Regul. Comm'n,* 862 F.2d 222, 225 (9th Cir. 1988)). Here, the *Amerifactors* decision is a product of the administrative process, having been issued after a petition for a declaratory ruling was received by the Bureau and the Bureau engaged in notice and comment rulemaking procedures. *See* 34 F.C.C. Rcd. At 11950-51, 11954. The *Amerifactors* ruling "fixes a legal relationship" because it narrows "the scope of the [TCPA's] statutory prohibition" by holding that online fax services are not "telephone facsimile machine[s]." *Id.* at 11951.

Contrary to Astro's argument, the fact that "there is a pending review" of the *Amerifactors* decision by the full Commission does not alter its binding authority, as orders issued pursuant to delegated authority are "effective upon release" unless the full Commission issues a stay pending

4

the review of the decision. 47 C.F.R. §§ 1.102(b)(1); 1.102(b)(2), 1.115(h)(2); *see True Health Chiropractic,* 22-15710, 2023 WL 7015279 at *2. There has been no decision by the Commission to stay or reverse the *Amerifactors* decision. Likewise, there has been no decision by the U.S. Supreme Court to reverse *True Health Chiropractic*. Thus, *True Health Chiropractic* and the interpretation provided by the *Amerifactors* decision is currently the law, and the Court is entitled to rely upon it in dismissing the Amended Complaint.

(2) <u>The New Arguments Raised by Astro Do Not Materially Alter the Dismissal Order</u>

The law and arguments Astro raise in its Motion to Reconsider were available to it (and this Court) prior to the filing of Astro's responses to the Motions to Dismiss. Neither the arguments raised by Astro, nor the law implicated by the arguments, are new to this case. *See, e.g.,* Defendant Matheson's Reply in Support of his Mot. to Dismiss, ECF 65, p. 3 (discussing the *Amerifactors* decision). A motion to reconsider cannot be used to introduce new legal theories, arguments, or evidence that could have been presented before judgment. *See Exxon Shipping Co. v. Baker,* 554 U.S. 471, 486 n.5 (2008) (citation omitted).

Even if Astro could now bring these new arguments in its Motion to Reconsider, the outcome of the Dismissal Order would not change. *See Headwaters Res., Inc. v. Illinois Union Ins. Co.,* 770 F.3d 885, 899-900 (10th Cir. 2014) (affirming denial of a Rule 59(e) motion where new arguments were untimely and, even if considered, would not have changed the outcome). Contrary to Astro's assertion otherwise, the Court is clearly entitled to rely upon the *Amerifactors* decision because there is ample precedent that show that the *Amerifactors* is a final order with full force and effect. Astro has not demonstrated any new arguments or law that was (i) previously unavailable to it, and (ii) that will materially alter the outcome of the Dismissal Order—thus, the Motion to Reconsider should be denied. *See Devon Energy Prod. Co., L.P. v. Mosaic Potash*

5

*Carlsbad, Inc.,* 693 F.3d 1195, 1213-14 (10th Cir. 2012) (affirming denial of Rule 59(e) motion where new evidence and arguments could not produce a difference result.); *Comm. For First. Amend. v. Campbell,* 962 F.2d 1517, 1524 (10th Cir. 1992).

(3) *In the Alternative, Astro Has No Standing Under the TCPA Because it is Not a Recipient*.

Even if the Court misapprehended the controlling law regarding the FCC's determination of what is *and is not* a telephone facsimile machine under the TCPA, the Amended Complaint was still ripe for dismissal because Astro has no standing to bring its claims.[1] Thus, the error that Astro complains of in its Motion to Reconsider is harmless error that would not have changed the outcome of the Court's Dismissal Order. *See, e.g., Devon Energy Prod.,* 693 F.3d at 1213-14.

As discussed at length in the Motions to Dismiss, Astro has no cause of action it can assert under the TCPA—therefore, it has no statutory standing to bring this case. *See John Wiley & Sons, Inc. v. DRK Photo,* 882 F.3d 394, 402 n.4 (2d Cir. 2018). Astro has no claim because Astro is not a consumer nor an intended recipient of the faxes at issue. Astro is not the party with protected rights under the TCPA.

Astro is an online fax service that offers telephone numbers to its customers and leases those numbers to its customers so they may receive online fax transmissions. ECF 10, ¶¶ 22; 25. Astro is, in other words, not the intended recipient (or consumer) of a fax but rather a middleman telecommunications provider that receives, stores, and forwards faxes onto its customers—who themselves are the intended recipients. Online fax services, like Astro, are not protected under the TCPA as a consumer. *See Amerifactors,* 34 F.C.C. Rcd. At 11954 ("Faxes sent to online fax services do not cause the specific harms **to consumers** Congress sought to address in the TCPA.") (emphasis added); *see* ECF 10, ¶22.

---

[1] This argument was laid out by each of the Defendants' Motions to Dismiss the Amended Complaint, which are incorporated by reference as though fully set forth herein. *See* ECF 37, 38, 39, 54, 55, and 65.

Astro's own Amended Complaint demonstrates that Astro is not entitled to protection under the TCPA. The Amended Complaint's attachments depict that the alleged faxes that purportedly violated the TCPA were meant for a recipient other than Astro. *See, e.g.,* ECF 10-2, Ex. B-1, p. 2 (copy of a fax addressed to "Client ID #: 6517847930…Mulligan Real Estate"). It is well settled that the TCPA does not provide a private cause of action to a telecommunications provider like Astro that merely is acting as a services middleman for the end customer. *See Cellco Partn. V. Wilcrest Health Care Mgt., Inc.,* No. CIV.A. 09-3534 MLC, 2012 WL 1638056 (D.N.J. May 8, 2012); ECF 10, ¶22. Additionally, the existence of a pre-assigned customer ID and the personalized message on the subject faxes submitted by Astro itself shows that Astro is not only *not* the intended recipient, but that the intended recipients have a prior existing relationship. It is not a violation of the TCPA to send faxes to existing or prior customers. *Imhoff Investment, L.L.C. v. Alfoccino, Inc.,* 792 F.3d 627, 634 (6th Cir. 2015).

Thus, even if Astro is successful in its argument regarding the Dismissal Order's interpretation of the TCPA's definition for "telephone facsimile machine," the outcome— dismissal of Astro's Amended Complaint with prejudice – would be the same because Astro has no standing to bring a claim under the TCPA anyway. The Motion to Reconsider should be denied accordingly.

(4) <u>*In any event, Astro's Claims against Matheson Personally Should be Dismissed.*</u>

Even if the Court is persuaded by Astro's arguments, the claims against Mr. Matheson, personally, should remain dismissed. As Mr. Matheson argued in briefing the Motion to Dismiss, Astro failed to state a claim against him personally.[2] A fax broadcaster (in addition to the sender) can be liable for violations of the TCPA if it demonstrates a high degree of involvement in the

---

[2] This argument was laid out by Mr. Matheson is his motion to dismiss and is incorporate by reference as though fully set forth herein. *See* ECF 54, 65.

7

unlawful activity and fails to take steps to prevent such transmission. 47 U.S.C. § 227(b)(1)(C); CFR § 64.1200(a)(4)(vi). Astro does not, and cannot, allege that Mr. Matheson is a facsimile broadcaster. Further, personal liability cannot attach to Mr. Matheson as he is not a corporate officer or agent of WestFax. For these reasons, and the reasons stated in Mr. Matheson's motion to dismiss, the claim against him should be dismissed.

(5) *In any event, this Court Lacks Jurisdiction over Mr. Clark and JBlast*.

Likewise, even if the Court is persuaded by Astro's arguments, the claims against Mr. Clark, in his personal capacity, and JBlast should also remain dismissed for lack of personal jurisdiction. As discussed in the WestFax Defendants briefs in support of their Motion to Dismiss (ECF 37, 38, 55), this Court does not have personal jurisdiction over Mr. Clark or JBlast. As admitted by Astro in its response (ECF 44), Mr. Clark "conducts duties on behalf of WestFax and JBlast from California," not Colorado, and "runs all aspects of WestFax and JBlast from California." ECF 44, pp. 7-8. The minimum contacts analysis looks to Mr. Clark's contacts with the forum state itself in his personal capacity. *Walden v. Fiore,* 571 U.S. 277, 285 (2014). As discussed in ECF 37 and 55, which is incorporated by reference as though full set forth herein, Mr. Clark does not live in Colorado, does not work in Colorado, and has not engaged in any specific "suit-related conduct," as alleged in the Amended Complaint, that would create a substantial connection between Mr. Clark and Colorado. *Id.*

Furthermore, the Amended Complaint is devoid of allegations that satisfy the minimum contacts analysis to tie JBlast—a different entity from WestFax that is at home in Delaware—to Colorado. Mere allegations of the location of computer infrastructure are not enough to say that JBlast personally availed itself of Colorado. Simply put, the Motion to Reconsider should still have been denied by this Court because this Court would have to dismiss the Amended Complaint as to

8

JBlast and Mr. Clark for lack of personal jurisdiction under Fed. R. Civ. P. 12(b).

(6) *Claims Cannot be sustained against the WestFax Defendants*.

Finally, even if this Court entertains the arguments in the Motion to Reconsider, and, further, even if personal jurisdiction could be established to Mr. Clark and JBlast—which it cannot—the Motion to Reconsider is still futile because the WestFax Defendants should still be dismissed from this case for failure to state a claim. *See* ECF 37, 38, 39, 55.

First, as to Mr. Clark, personal liability cannot attach under the TCPA because the allegations do not sufficiently plead that he is a sender under the TCPA. *Arwa Chiropractic, P.C. v. Med-Care Diabetic & Medical Supplies, Inc.,* 961 F.3d 942, 946 (7th Cir. 2020) (court concluded that defendants was not a sender because the individual did not send any of the faxes, the faxes were not sent on the defendant's behalf personally, and the faxes advertised the services of another—not the individual); *see KHS Corp. v. Singer Fin. Corp.,* 376 F.Supp.3d 524 (E.D. Pa. 2019) (holding that company officer was not personally liable under TCPA because advertisements were faxes on behalf of company—not the officer—and the products advertised were the company's as well.). None of the subject faxes attached to the Amended Complaint show that Mr. Clark was advertising personal services.

Likewise, all of the WestFax Defendants should be dismissed from this case because the allegations, as backed by the faxes attached as exhibits to the Amended Complaint, do not plausibly state or show facts that support the allegations that the WestFax Defendants were a sender under the TCPA. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 562 (2007) (Complaint must contain "enough facts to state a claim to relief that is plausible on its face."). "[D]irect liability attaches to the entity whose goods are advertised as opposed to the fax broadcaster." *Imhoff,* 792 F.3d at 634. A fax broadcaster is only liable if it was highly involved such that it could be

9

considered a sender. 47 C.F.C. § 61.1200(a)(4)(vii).

WestFax and JBlast are fax broadcasters. The faxes attached to the Amended Complaint are devoid of any mention of the WestFax Defendants, and they do not advertise services of any WestFax Defendant. Thus, as proved by Astro itself from the faxes it provides, none of the WestFax Defendants could be considered a sender under the TCPA and, thus, liability cannot attach. The Motion to Reconsider is futile then because the Amended Complaint would still be dismissed under Fed. R. Civ. P. 12(b)(6).

## Conclusion

This Court is entitled to rely on the decisions and interpretations of the Bureau in *Amerifactors*, because the decision is a final order that is effective upon its issuance. In the event that the Court determines it erred in relying upon *Amerifactors*, the Motion to Reconsider is still futile because this Court does not have personal jurisdiction over Mr. Clark and JBlast and because liability under the TCPA cannot attach to any Defendant in any event, for the reasons set forth herein as in ECF 37, 38, 39, 54, 55, and 65.

WHEREFORE, for the foregoing reasons, Defendants Barry Clark, WestFax, Inc., Duck Dive Communications, LLC d/b/a JBlast, and Chad Matheson respectfully request that this Court deny the Motion to Reconsider in its entirety.

Dated:  March 28, 2025.

Respectfully submitted,

MONTGOMERY LITTLE & SORAN, PC

*s/ James C. Taravella*
Nathan G. Osborn, #38951
Alyson S. Evett, #52400
James C. Taravella, #55179
5445 DTC Parkway, Suite 800
Greenwood Village, Colorado 80111
E-mail:  nosborn@montgomerylittle.com
            aevett@montgomerylittle.com
            jtaravella@montgomerylittle.com
**Attorneys for Defendants Westfax INC, Duck Dive Communications LLC, and Barry Clark**

SPENCER FANE, LLP

*s/ Johanna R. Hyman*
Jamie N. Cotter
Johanna R. Hyman
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
direct: (303) 839-3826
jcotter@spencerfane.com
jhyman@spencerfane.com
**Attorney for Defendant Chad Matheson**

11

## CERTIFICATE OF SERVICE

I hereby certify that on March 28, 2025, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record.

THE GOOD LAW GROUP.
Ross M. Good, Esq.
800 E. Northwest Hwy, Suite 814
Palatine, Illinois 60074
direct: (847) 600-9576
ross@thegoodlawgroup.com
**Attorney for Plaintiff Astro Companies, LLC**

SPENCER FANE, LLP.
Jamie N. Cotter, Esq.
1700 Lincoln Street, Suite 2000
Denver, Colorado 80203
direct: (303) 839-3826
jcotter@spencerfane.com

and

Johanna R. Hyman
100 South Fifth Street, Suite 2500
Minneapolis, Minnesota 55402
Phone: (612) 268-7009
jhyman@spencerfane.com
**Attorney for Chad Matheson**

*s/ Casey Nothnagel*
Casey Nothnagel, Paralegal
