IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-02328-SKC-CYC

ASTRO COMPANIES, LLC,

    Plaintiff,

v.

WESTFAX INC, *et al.*,

    Defendants.

---

**ORDER DENYING MOTION TO RECONSIDER (DKT. 72)**

---

This matter is before the Court on Plaintiff Astro Companies, LLC's Motion to Reconsider. Dkt. 72. In its Motion, Plaintiff asks this Court to reconsider its Order dismissing this case with prejudice based on the Court's conclusion that online fax service providers such as Plaintiff are not covered by the Telephone Consumer Protection Act (TCPA), 42 U.S.C. § 227(b)(1)(c). For the following reasons, the Motion is DENIED.

**MOTIONS TO RECONSIDER**

"The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration." *Rivera v. Exeter Finance Corp.*, no. 15-cv-01057-PAB-MEH, 2019 WL 6173666, at *1 (D. Colo. Nov. 19, 2019) (citing *Hatfield v. Bd. of Cty. Comm' rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995)). The bases for granting

reconsideration are extremely limited: "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). These motions are committed to the trial court's discretion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

## ANALYSIS

In its Motion, Plaintiff argues this Court clearly erred in its Order because it (1) lacked jurisdiction to rule on the issue; (2) erred in relying on *In the Matter of Amerifactors Fin. Grp., LLC*, 34 F.C.C. Rcd. 11950 (2019) and *In re Joseph T. Ryerson & Son, Inc. Petition for Declaratory Ruling*, 35 F.C.C. Rcd. 9474 (2020); and (3) erred in its statutory interpretation. None of these arguments articulate grounds warranting reconsideration.

To begin, this Court did not rely on or consider itself bound by *Amerifactors* or *Ryerson*. To be sure, the Court was quite specific that its holding was based entirely on its interpretation of the statutory language of the TCPA. Dkt. 70, pp.4-6. The Court cited *Amerifactors* and *Ryerson* because those analyses supported the Court's conclusions and because the Court found them to be thoughtful and persuasive. *Id*.

at p.6 ("Although the Court *relies only on the statutory language for its analysis*, its conclusions are buttressed by" *Amerifactors*.) (emphasis added).

Furthermore, the Court did in fact have jurisdiction to rule on this matter. Indeed, the Supreme Court recently confirmed this in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 162 (2025). There, the Supreme Court reiterated that in an enforcement proceeding, "[d]istrict courts are not bound by the agency's interpretation, but instead must determine the meaning of the law under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." *Id.* at 155 (citing *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 402 (2024)). And the Supreme Court specifically rejected the argument that the Hobbs Act binds district courts to an agency's interpretation of a statute in civil enforcement proceedings.[1] *Id.* at 168 (the Hobbs Act is silent on judicial review in enforcement proceedings, and therefore, courts must independently determine whether the agency's statutory interpretation is correct).

Plaintiff's remaining arguments are based on its disagreement with the Court's statutory analysis and ultimate conclusion. While thoughtfully presented, such arguments are not an appropriate basis for reconsideration because they were or could have been made in the briefing regarding the Motion to Dismiss.

---

[1] And even if the Court were obligated to follow agency interpretations, the 2003 FCC decision upon which Plaintiff relies does not address online fax services like those implicated in this matter. Indeed, the purpose of *Amerifactors* was to clarify that very issue.

\* \* \*

Because Plaintiff has not cited any intervening change in the controlling law, new facts that were previously unavailable, or clear error resulting in manifest injustice, the Motion to Reconsider is respectfully DENIED.[2]

DATED: February 9, 2026.

BY THE COURT:

_____
S. Kato Crews
United Stated District Judge

---

[2] In its Notice of Supplemental Authority, Plaintiff requests permission to file a new motion for reconsideration or amended complaint in light of the Supreme Court's ruling in *McLaughlin Chiropractic Assoc. v. McKesson Corp.* 606 U.S. 146, 162 (2025). Dkt. 78. This is not an appropriate way to seek such relief. *See* D.C.COLO.LCivR 7.1(d) ("A motion shall be filed as a separate document.").