IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-02328-SKC-CYC

ASTRO COMPANIES, LLC,

Plaintiff,

v.

WESTFAX INC, *et al.*,

       Defendants.

---

## ORDER RE: MOTIONS TO DISMISS

---

The Telephone Consumer Protection Act of 1991 ("TCPA"), as amended by the Junk Fax Prevention Act of 2005, states:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> . . .
>
> (C) to use any telephone facsimile machine, computer, or other device to send, *to a telephone facsimile machine*, an unsolicited advertisement. . .

47 U.S.C. § 227(b)(1)(c) (emphasis added). The resolution of this case turns on a consideration of what a telephone facsimile machine is or, as pertinent here, is not.

Plaintiff Astro Companies, LLC ("Astro") is an online fax service provider that "uses equipment, namely, a fax server, to convert 'traditional faxes' into a readable form (such as a PDF) which is then either attached to an email and forwarded to the

1

recipients' computer via email or is made available on a portal (a server) maintained by the online fax service to be read by the online fax server subscriber/recipient and is available to be printed at the online fax service recipients' convenience." Dkt. 10 at ¶22. According to Astro, Defendants Westfax, Inc. ("Westfax"), Duck Dive Communications LLC ("Duck Dive"), Barry Clark, and Chad Matheson, violated the TCPA when they sent "bursts" of junk faxes to various of Astro's fax phone numbers that were unassigned to any customers. *Id*. at ¶¶26-30. Astro further alleges that these bursts of junk faxes fill all its available resources and prevent transmission of non-junk faxes. *Id*. at ¶¶29, 36.

Defendants have each filed a Motion to Dismiss making arguments regarding personal jurisdiction, statutory standing, and Plaintiff's purported failure to state a claim. Dkts. 37, 38, 39, 54. They are fully briefed, and the Court has carefully reviewed these filings, the Court's docket, and the relevant law. No hearing is necessary. Because the Court agrees with Defendant Matheson that Plaintiff has failed to state a claim under the TCPA, and that this reasoning applies equally to Plaintiff's claims against all Defendants, Defendant Matheson's Motion (Dkt. 54) is GRANTED. This case shall be dismissed.

**STANDARD OF REVIEW**

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." See Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the court must

"accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124-25 (10th Cir. 2010) (internal citations omitted). But the Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678 (internal quotation marks omitted).

The *Twombly/Iqbal* pleading standard first requires the court to identify which allegations "are not entitled to the assumption of truth" because, for example, they state legal conclusions or merely recite the elements of a claim. *Id.* It next requires the court to assume the truth of the well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. In this analysis, courts "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012). The standard is a liberal one, however, and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that recovery is very remote and unlikely." *Dias v. City & Cty. of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009).

## ANALYSIS

Defendant Matheson argues, among other things, that Astro cannot state a claim for relief because the alleged unsolicited fax advertisements were not sent to a telephone facsimile machine.[1] Astro contends in response that its services fall within this definition because its "servers have the capacity to print." Dkt. 57 at p.16. In support of its argument, Astro relies on the Sixth Circuit's opinion in *Lyngaas v. Curaden Ag*, 992 F.3d 412, 419 (6th Cir. 2021). There, the court concluded that telephone facsimile machines were not limited to stand-alone traditional fax machines. *Id*. at 245-46. Instead, the Sixth Circuit reasoned that faxes received by individual computers fell within the scope of the TCPA because they had the *capacity* to transcribe text and images onto paper. *Id*. The Court is not persuaded by Plaintiff's reliance on *Lyngaas*.

First, the court in *Lyngaas* was asked to consider whether a computer receiving an "efax" could qualify as a telephone facsimile machine. *Lyngaas*, 992 F.3d at 425-27. The Sixth Circuit was not, as here, evaluating whether an online fax *service* was entitled to protection under the TCPA. *Id*. Based on Plaintiff's own allegations regarding its services, *Lyngaas* is distinguishable.

Second, the Court concludes that based on a plain reading of the statutory

---

[1] Because the Court agrees Plaintiff's online fax services are not contemplated under the definition of telephone facsimile machine, it need not address Defendant Matheson's arguments regarding statutory standing or whether he had a high degree of involvement in the transmission of the junk faxes.

4

language, the TCPA does not apply to online fax services, but rather contemplates equipment "well understood to be a traditional fax machine." *Career Counseling, Inc. v. AmeriFactors Fin. Grp., LLC*, 91 F.4th 202, 209 (4th Cir. 2024). To fall within the TCPA prohibition, the unsolicited fax can be sent from a "telephone facsimile machine"—as defined by the statute—or from a "computer," or from some "other device." 47 U.S.C. §227(b)(1)(C). But, from the plain language of the statute, the offending fax can only be received in one way: on a "telephone facsimile machine." *Id*. Under the TCPA, the term "telephone facsimile machine" means

> equipment which has the capacity (A) to transcribe text or images, or both, from paper into an electronic signal and to transmit that signal over a regular telephone line, or (B) to transcribe text or images (or both) from an electronic signal received over a regular telephone line onto paper.

47 U.S.C. § 227(a)(3).

According to Plaintiff's allegations, Astro receives inbound faxes in their digital form, converts them into a readable medium, and then either forwards them to the recipients via email or maintains the faxes on a cloud-based server where the recipients may access, read, and print at their own discretion. Dkt. 10 at ¶22. In an apparent attempt to satisfy the statute, Astro also alleges it possesses equipment enabling it to print the cloud-based faxes onto paper. *Id*. at ¶23. The Court concludes, however, that even accepting these allegations as true, the TCPA protections do not extend to Astro because the statute specifically contemplates a "machine" that receives and prints faxes and not a service that does so. A machine is a "device or

5

apparatus consisting of fixed and moving parts that work together to perform some function." *Machine*, Black's Law Dictionary (12th ed. 2024). And while Astro's *service* may ultimately provide similar functions by way of additional equipment, it is not a machine.

Indeed, Astro's services may qualify as a "computer" or some "other device" within the meaning of the TCPA. But the "prohibition applies only to faxes sent *from* a 'computer' or 'other device'—and not to faxes sent *to* a 'computer' or 'other device'— as a result of the meaningful variances in § 227(b)(1)(C)'s language." *Career Counseling, Inc.*, 91 F.4th at 210 (emphasis in original); *see also Russello v. United States*, 464 U.S. 16, 23 (1983) ("Where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion").

Although the Court relies only on the statutory language for its analysis, its conclusions are buttressed by the Federal Communications Commission's ("FCC") declaratory ruling in *In the Matter of Amerifactors Fin. Grp., LLC*, 34 F.C.C. Rcd. 11950 (2019), which this Court finds instructive and persuasive.[2] In *Amerifactors*, the

---

[2] "[C]ourts may—as they have from the start—seek aid from the interpretations of those responsible for implementing particular statutes. Such interpretations 'constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance' consistent with the APA. And interpretations issued contemporaneously with the statute at issue, and which have remained consistent over time, may be especially useful in determining the statute's meaning." *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 394 (2024) (quoting *Skidmore v.*

6

FCC noted that the statute only proscribed sending a fax to "telephone facsimile machines" and explained that "a fax received by an online fax service as an electronic message is effectively an email." *Id*. The FCC observed that with online fax services, "[c]onsumers can manage those messages the same way they manage email by blocking senders or deleting incoming messages without printing them." *Id*. at 11953. It ultimately concluded that given the nature of online fax services, faxes sent to these services did not "cause the specific harms to consumers Congress sought to address in the TCPA." *Id. See also In the Matter of Joseph T. Ryerson & Son, Inc. Petition for Declaratory Ruling Rules & Reguls. Implementing the Tel. Consumer Prot. Act of 1991,* 35 F.C.C. Rcd. 9474 (2020) (rejecting the argument that online fax transmissions "are TCPA-covered faxes because they [are] eventually sent to a computer that could print the message," and reasoning that "[v]irtually all email could be accessed by computers with printing capabilities; yet emails do not implicate the consumer harms that are the TCPA's target, *such as automatic printing*.") (emphasis added).

To be sure, the 1991 Report of the House Committee on Energy and Commerce—recommending the TCPA's enactment—explained that the "[f]acsimile machines [of the time were] designed to accept, process, and print *all* messages which arrive over their dedicated lines." H.R. REP. 102-317, 10 (1991) (emphasis added). Given the automatic nature of these machines, sending unsolicited faxes was deemed

---

*Swift & Co.*, 323 U.S. 134, 140 (1944)).

7

problematic because (1) "it shifts some of the costs of advertising [including ink and paper costs] from the sender to the recipient;" and (2) "it occupies the recipient's facsimile machine so that it is unavailable for legitimate business messages while processing and printing the junk fax." *Id.* at 10. The same concerns do not exist with online fax services because the recipients can choose whether and when to print faxes.

Consequently, based on the plain statutory language, the Court concludes that online fax services as alleged in Astro's operative pleading do not qualify as "telephone facsimile machines" under the TCPA. Because all of Astro's claims are brought pursuant to 47 U.S.C. §227(b)(1)(C), it cannot state a claim for relief against any Defendant.[3]

*   *   *

For the reasons shared above, the Court ORDERS as follows:

1. Defendant Matheson's Motion to Dismiss is GRANTED;

2. Defendants Westfax, Duck Dive, and Barry Clark's Motions to Dismiss are DENIED AS MOOT;

3. This case is DISMISSED with prejudice; and

4. The Clerk of Court shall close this case.

---

[3] This includes Plaintiff's ostensible claims against John Does 1-10, which are brought pursuant to the same statutory provision. Further, there is no provision in the Federal Rules of Civil Procedure for naming of fictitious or anonymous parties in a lawsuit. *Watson v. Unipress, Inc.*, 733 F.2d 1386, 1388 (10th Cir. 1984); *Coe v. U.S. Dist. Court for District of Colorado*, 676 F.2d 411, 415 (10th Cir. 1982).

DATED: February 12, 2025.

BY THE COURT:

S. Kato Crews
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No. 1:23-cv-02328-SKC-CYC

ASTRO COMPANIES, LLC,

    Plaintiff,

v.

WESTFAX INC, *et al.*,

    Defendants.

---

**ORDER DENYING MOTION TO RECONSIDER (DKT. 72)**

---

This matter is before the Court on Plaintiff Astro Companies, LLC's Motion to Reconsider. Dkt. 72. In its Motion, Plaintiff asks this Court to reconsider its Order dismissing this case with prejudice based on the Court's conclusion that online fax service providers such as Plaintiff are not covered by the Telephone Consumer Protection Act (TCPA), 42 U.S.C. § 227(b)(1)(c). For the following reasons, the Motion is DENIED.

**MOTIONS TO RECONSIDER**

"The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration." *Rivera v. Exeter Finance Corp.*, no. 15-cv-01057-PAB-MEH, 2019 WL 6173666, at *1 (D. Colo. Nov. 19, 2019) (citing *Hatfield v. Bd. of Cty. Comm' rs for Converse Cty.*, 52 F.3d 858, 861 (10th Cir. 1995)). The bases for granting

reconsideration are extremely limited: "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted). These motions are committed to the trial court's discretion. *See Phelps v. Hamilton*, 122 F.3d 1309, 1324 (10th Cir. 1997).

## ANALYSIS

In its Motion, Plaintiff argues this Court clearly erred in its Order because it (1) lacked jurisdiction to rule on the issue; (2) erred in relying on *In the Matter of Amerifactors Fin. Grp., LLC*, 34 F.C.C. Rcd. 11950 (2019) and *In re Joseph T. Ryerson & Son, Inc. Petition for Declaratory Ruling*, 35 F.C.C. Rcd. 9474 (2020); and (3) erred in its statutory interpretation. None of these arguments articulate grounds warranting reconsideration.

To begin, this Court did not rely on or consider itself bound by *Amerifactors* or *Ryerson*. To be sure, the Court was quite specific that its holding was based entirely on its interpretation of the statutory language of the TCPA. Dkt. 70, pp.4-6. The Court cited *Amerifactors* and *Ryerson* because those analyses supported the Court's conclusions and because the Court found them to be thoughtful and persuasive. *Id.*

2

at p.6 ("Although the Court *relies only on the statutory language for its analysis*, its conclusions are buttressed by" *Amerifactors*.) (emphasis added).

Furthermore, the Court did in fact have jurisdiction to rule on this matter. Indeed, the Supreme Court recently confirmed this in *McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp.*, 606 U.S. 146, 162 (2025). There, the Supreme Court reiterated that in an enforcement proceeding, "[d]istrict courts are not bound by the agency's interpretation, but instead must determine the meaning of the law under ordinary principles of statutory interpretation, affording appropriate respect to the agency's interpretation." *Id.* at 155 (citing *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 402 (2024)). And the Supreme Court specifically rejected the argument that the Hobbs Act binds district courts to an agency's interpretation of a statute in civil enforcement proceedings.[1] *Id.* at 168 (the Hobbs Act is silent on judicial review in enforcement proceedings, and therefore, courts must independently determine whether the agency's statutory interpretation is correct).

Plaintiff's remaining arguments are based on its disagreement with the Court's statutory analysis and ultimate conclusion. While thoughtfully presented, such arguments are not an appropriate basis for reconsideration because they were or could have been made in the briefing regarding the Motion to Dismiss.

---

[1] And even if the Court were obligated to follow agency interpretations, the 2003 FCC decision upon which Plaintiff relies does not address online fax services like those implicated in this matter. Indeed, the purpose of *Amerifactors* was to clarify that very issue.

3

\* \* \*

Because Plaintiff has not cited any intervening change in the controlling law, new facts that were previously unavailable, or clear error resulting in manifest injustice, the Motion to Reconsider is respectfully DENIED.[2]

DATED: February 9, 2026.

BY THE COURT:

_____
S. Kato Crews
United Stated District Judge

---

[2] In its Notice of Supplemental Authority, Plaintiff requests permission to file a new motion for reconsideration or amended complaint in light of the Supreme Court's ruling in *McLaughlin Chiropractic Assoc. v. McKesson Corp.* 606 U.S. 146, 162 (2025). Dkt. 78. This is not an appropriate way to seek such relief. *See* D.C.COLO.LCivR 7.1(d) ("A motion shall be filed as a separate document.").

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:23-cv-02328-SKC-CYC

ASTRO COMPANIES, LLC,

    Plaintiff(s),

v.

WESTFAX INC, *et al.*,

    Defendant(s).

---

**NOTICE OF APPEAL FROM FINAL JUDGMENT**

---

Astro Companies, LLC, Plaintiff in the above-named case, appeals to the United States Court of Appeals for the Tenth Circuit from the following orders and final judgment entered by District Judge S. Kato Crews in this action:

1. The Order entered on February 12, 2025 granting Defendant Chad Matheson's Motion to Dismiss and dismissing the case with prejudice.

2. The Order entered on February 9, 2026 denying Plaintiff's Motion to Reconsider the dismissal with prejudice, which was timely filed on March 7, 2025.

Dated  March 6, 2026  .

                                                    /s/ Ross M. Good
                                                  Signature
                                                  Ross M. Good
                                                  Printed Name
                                                  800 E. Northwest Hwy. Ste 814
                                                  Street Address
                                                  Palatine        IL        60074
                                                  City           State         Zip
                                                  (847) 600-9576
                                                  Telephone Number

*Rev. 12/2021*